Joe BETANCOURT, Jr., Appellant,

v.

William A. WHITTLE, Appellee.

No. 04–81–00447–CV.

Court of Appeals of Texas, San Antonio.

Sept. 28, 1983.

Henry Cuellar, Laredo, for appellant.

J.A. Canales, Canales & Garza, Corpus Christi, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

REEVES, Justice.

This is an appeal from an order sustaining a plea of privilege.

Appellant, Joe Betancourt, Jr., filed suit in Webb County, against William A. Whittle, appellee, alleging breach of contract and libel. Appellee filed a plea of privilege to be sued in the county of his residence, Nueces County, which was sustained.

Appellant contends that the action of the trial court in sustaining appellee's plea of privilege is against the great weight and preponderance of the evidence. We disagree.

The alleged libel arose from a business transaction between appellant and appellee involving the acquisition of a cable television franchise in Laredo, Texas. After oral discussions between appellant and appellee regarding the details of their transaction, the following letter agreement, which is the only written embodiment of their contract, was finalized:

February 18, 1980

Joe Betancourt, Jr.
c/o Valley Motel
5330 Leopard St.
Corpus Christi, Texas 78408

This is evidence of our agreement that in the event Laredo Cable Television corporation is successful in its application for a fifteen year cable television franchise in Laredo, Texas, and in acquiring the physical assets of Vumore Company of Laredo, Inc., in connection with its cable television operation in Laredo, Texas, including all lines, headend and other operating assets, and in consideration for your acting as consultant to Laredo Cable Television Corporation you shall receive stock ownership equal to one (1%) percent of the common capital stock of Laredo Cable Television corporation and you shall receive a consulting fee paid in cash in an amount not to exceed $50,000.00, payable in quarterly installments through the first three years (3) of the franchise.

/s/_____
William A. Whittle
/s/_____
Joe Betancourt, Jr.

Relying on the above agreement, appellant went to Laredo and contacted several city officials regarding the proposed cable franchise and the status of the current franchise holder, Vumore Company of Laredo, Inc.

Appellant, while in Laredo, was interviewed by Mr. Harry Taylor, a reporter for the *Laredo Times*. As a result of this interview a story was printed in the *Laredo Times* which stated that if Laredo Cable Television Corp. (the firm appellant represented) was granted a franchise, it would purchase Vumore Company of Laredo, Inc. The article went on to list the names of seven individuals as the owners of Laredo Cable Television Corp., and stated that the owners of Laredo Cable Television Corp. had recently been granted a cable franchise in Corpus Christi.

Appellant mailed a copy of the article to appellee. Appellee then drafted the allegedly libelous letter and sent a copy of the letter to Harry Taylor, the *Times* reporter. The letter stated, in its entirety:

February 27, 1980

Mr. Joe Betancourt, Jr.

Holiday Inn—Laredo

5240 San Bernardo

Laredo, Texas 78040

Dear Joe:

By Special Delivery today I received, apparently from you, a copy of Page Three (3) of the Tuesday, February 26, 1980, Laredo Times. The representations you made are completely without substance and unauthorized by me or by any of the people you mentioned in the article.

When you and I discussed the possibility of acquiring the Laredo Cable franchise, I said that a group that I would represent would make an application for franchise only after the City Council of Laredo decided not to continue with Vumore. We have no plans to purchase that company and have not discussed anything of the sort with Vumore.

The material I gave you was clearly labeled "draft" upon its dissemination and was not to be the subject of a press conference. As far as I am concerned, you have violated the terms of our understanding. I want you to know that I have no interest at this time in being involved in any acquisition of the Laredo Cable system. It would be impossible for me or any group of investors to deal successfully with the kind of representation you made.

If the City of Laredo determines that it does not want to continue the service of Vumore, we may not even be in a position to make an offer because of your misrepresentation.

Mr. Joe Betancourt, Jr.

5240 San Bernardo

Laredo, Texas 78040

Page 2

I am very disappointed in the way you have handled this. I think it is obvious that I consider our association on this matter terminated.

Yours very truly,

/s/

William A. Whittle

WAW:mkw

cc: Mr. Harry Taylor

Laredo Times

Laredo, Texas 78040

■ In order for appellant to maintain venue in Webb County, under TEX.REV. CIV.STAT.ANN. art. 1995(29) (Vernon 1964), *prima facie* proof of three venue facts must be shown: (1) that a cause of action for libel accrued in his favor against the defendant; (2) the date of the accrual; and (3) that he resided in Webb County on that date. *General Motors Acceptance Corp. v. Howard,* 487 S.W.2d 708, 710 (Tex. 1972).

■ Since no findings of fact and conclusions of law were filed with this appeal, it will be implied that the trial court made all the necessary findings to support its judgment, provided valid factual propositions were raised by the pleadings and supported by the evidence. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.1962); *Turner v. Miller,* 618 S.W.2d 85 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.). This court must affirm the judgment of the trial court if it can be sustained on any reasonable theory supported by the evidence and authorized by law. *Turner, supra* at 87.

In viewing appellant's first point of error, this court must consider all the evidence, including any evidence contrary to the trial court's judgment. *Burnett v. Motyka,* 610 S.W.2d 735 (Tex.1980).

Libel is defined by TEX.REV.CIV.STAT. ANN. art. 5430 (Vernon 1958) as "a defamation . . . tending to injure the reputation of one who is alive. . . ." Recent decisions of the United States Supreme Court hold by implication that a plaintiff in a libel action has the burden of proving the defamatory statements published by the defendant are false. *Gertz v. Welch,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). *See* RESTATEMENT (Second) OF TORTS §§ 581A, com-

ment b, 613 Caveat and comment j (1976).[1] *See also A.H. Belo Corp. v. Rayzor,* 644 S.W.2d 71 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Bordon, Inc. v. Wallace,* 570 S.W.2d 445, 449 (Tex.Civ.App.—El Paso 1978, writ dism'd).

Our Supreme Court in *Foster v. Laredo Newspapers, Inc.,* 541 S.W.2d 809 (Tex.1976) has held that a private individual may recover damages from a publisher of a defamatory falsehood as compensation for actual injury upon showing that the publisher of the defamatory falsehood knew or should have known that the defamatory statement was false. Of course, in *Foster* the publisher was a newspaper while in this case the publisher was another private individual. The RESTATEMENT (Second) OF TORTS § 613, makes no distinction between a media publisher and an individual publisher and neither do we.

Viewing the evidence by the above standard, this court is of the opinion that the trial court could have reasonably concluded, in sustaining appellee's plea of privilege, that the statements made in appellee's letter to the appellant were not proven to be false. We hold the appellant did not prove a cause of action for libel accrued in his favor against the defendant as required by *General Motors Acceptance Corp., supra,* and thus the judgment of the trial court is not against the great weight and preponderance of the evidence.

Appellant's second point of error complains of the trial court's refusal to allow additional "newly discovered" evidence after a ruling on the plea of privilege had been made. The evidence which appellant sought to introduce related to proof of appellant's residence at the time the cause of action accrued. In view of our finding that appellant failed to prove a cause of action for libel, appellant's second point of error need not be considered.

The judgment of the trial court is affirmed.

1. § 613 Caveat: The institute expresses no opinion on the extent to which the common law ruling placing on the defendant the burden of proof to show the truth of the defamatory communication has been changed by the constitutional requirement that the plaintiff must prove defendant's negligence of greater fault regarding the falsity of the communication.

   Comment as to Caveat

   j. Truth.—Recent decisions of the United States Supreme Court hold that under the Constitution a plaintiff must show fault on the part of the defendant regarding the truth or falsity of the defammatory communication. Depending upon the circumstances, this fault may be negligence or greater fault (see § 580B) or must be knowledge or reckless disregard as to the falsity (§§ 580A, 600). Meeting this requirement has, as a practical matter, made it necessary for the plaintiff to allege and prove the falsity of the communication, and from a realistic standpoint, has placed the burden of proving falsity on the plaintiff.