**Gary Lewis ACKER, Appellant,**

v.

**DENTON PUBLISHING COMPANY, Tom Bateman, Cynthia Baker, James Florez, Dawn Cobb, Fred W. Patterson, Jr., Fred W. Patterson, and Roy Appleton, Appellees.**

**No. 2–96–080–CV.**

Court of Appeals of Texas,
Fort Worth.

Dec. 19, 1996.

Gary L. Acker, Flower Mound, pro se.

J. Shelby Sharpe, Fort Worth, for appellees.

Before CAYCE, C.J., and BRIGHAM and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Gary Lewis Acker, pro se, appeals the summary judgment of a district court in Denton County that he take nothing on claims by which he sought $9.6 million in damages for alleged injury from newspaper articles written about him. Acker asserted causes of action for defamation, invasion of privacy, and deceptive trade practices. One defendant, Denton Publishing Company, publishes three newspapers, the *Lewisville News,* the *Denton Record–Chronicle,* and the *Grapevine Sun.* Other defendants were Fred W. Patterson, an officer of the publishing company, Fred W. Patterson, Jr., general manager of the publishing company, Tom Bateman, a vice president, Roy Appleton, a director, Cynthia Baker and James Florez, staff writers, and Dawn Cobb, managing editor of the *Lewisville News.* Finding no reversible error, we affirm.

Although there are seven points of error, we will not address them in numerical order. Instead, we will consider them in the chronological order in which the issues arose.

## FIRST MOTION TO TRANSFER VENUE

■ We begin with the complaint of the third point, that venue was erroneously transferred from Tarrant County to Denton County. This suit originated on August 7, 1995 in the 96th Judicial District Court, Tarrant County, where the defendants answered subject to their motion to transfer venue to Denton County. Mr. Acker is a resident of Denton County.

In the motion to transfer, the defendants asserted that venue in Denton County was mandated by Tex.Civ.Prac. & Rem.Code Ann. § 15.017 (Vernon 1986). The motion recited that Denton Publishing Company is a corporation domiciled in Denton County, where its registered office and registered agent are located. The motion stated that all the defendant individuals except Tom Bateman reside in Denton County, where causes of action asserted by Mr. Acker allegedly arose. Although Tom Bateman works in Denton County, the motion concedes that he resides in Tarrant County where Mr. Acker filed suit. The portion of Section 15.017 that applies to the facts of this case is:

A suit for damages for libel, slander, or invasion of privacy shall be brought and can only be maintained in the county in which the plaintiff resided at the time of the accrual of the cause of action . . . or in the county of the residence of defendants, or any of them, . . . at the election of the plaintiff.

Tex.Civ.Prac. & Rem.Code Ann. § 15.017 (Vernon 1986). Section 15.017 is a "mandatory" venue provision. *See* Tex.R.Civ.P. 87.2(a).

The defendants supported their motion with affidavits of Fred W. Patterson, Jr. and Tom Bateman, and because they sought to transfer venue to Denton County, the defendants had the burden to prove venue facts showing that venue was maintainable in Denton. *Id.* Venue facts for defendants to prove under Section 15.017 were:

(1) that the causes of action alleged include libel, slander, or invasions of privacy;

(2) that Mr. Acker resided in Denton County at the time the alleged causes accrued;

(3) that all defendants reside in Denton, not Tarrant; and

(4) that Tom Bateman, a resident of Tarrant, is not a proper defendant in this suit.

On the other hand, Mr. Acker had the burden to prove venue facts showing that venue was maintainable in Tarrant. TEX. R.CIV.P. 87.2(a). To meet his burden of proof and maintain the venue of this suit in the 96th District Court in Tarrant County under Section 15.017, Mr. Acker had to prove only two venue facts:

(1) the causes of action alleged include libel, slander, or invasion of privacy; and

(2) a defendant resides in Tarrant County.

Here, the 96th District Court in Tarrant County was required to resolve the defendants' venue challenge from the plaintiff's pleadings, the defendants' pleadings, and the affidavits filed by two of the defendants. TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(a) (Vernon 1986); TEX.R.CIV.P. 87.3(b). From the pleadings, that court could reasonably conclude that two of Mr. Acker's causes of action were libel and invasion of privacy. From the defendants' motion to transfer, that court could reasonably conclude that the motion was grounded upon the mandatory provision of Section 15.017.

▮ Other than his pleadings, Mr. Acker did not offer the 96th District Court any proof that would support venue in Tarrant County. He did not file any affidavit, and his reply to the defendants' affidavits and motion to transfer venue consisted of bare conclusions that the motion was "premature and inappropriate" and that venue in Tarrant County could be established once discovery was completed. When a defendant pleads a venue fact and the plaintiff fails to specifically deny it, the trial court is required to consider that venue fact true. TEX.R.CIV.P. 87.3.(a).

Nevertheless, the first venue fact that Mr. Acker had to prove—that some of his causes of action were within the scope of Section 15.017—was established by the allegations of his pleadings that were on file in the 96th District Court. Mr. Acker was relieved of the burden of proving his second venue fact, but only because it was judicially admitted, both by the defendants' motion to transfer (conceding that defendant Tom Bateman resides in Tarrant County) and Tom Bateman's own affidavit verifying that he resides in Tarrant. Thus, Mr. Acker's pleadings proved one of the venue facts necessary to maintain venue in Tarrant County, and the defendants proved the second venue fact for him.

▮ From the 96th District Court's order transferring venue, it appears that the transfer was made because the venue facts alleged in the defendants' motion to transfer were supported with the Patterson and Bateman affidavits as prima facie proof that the defendants were entitled to the transfer, and because Mr. Acker failed to controvert with sworn proof of his own. If venue is not proper in the county where suit is filed, a trial court must transfer the case to a county where venue is proper. TEX.CIV.PRAC. & REM. CODE ANN. § 15.063(1) (Vernon 1986). But if a plaintiff files suit in a county of proper venue, it is reversible error to transfer venue under section 15.063(1) even if the county of transfer would have been proper if originally chosen by the plaintiff. *Wilson v. Texas Parks & Wildlife Dept.,* 886 S.W.2d 259, 261 (Tex.1994). In *Wilson,* the supreme court applies a principle of appellate review of venue challenges that it established a year earlier in *Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 757 (Tex.1993). *See Wilson,* 886 S.W.2d at 261. Although the factual issues addressed in the two cases were not the same, *Wilson* and *Ruiz* make clear that in order for

us to determine whether there was reversible error in this case, we are obligated to conduct an independent review of the entire record. TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 1986); *Wilson,* 886 S.W.2d at 261; *Ruiz,* 868 S.W.2d at 756–57. In *Ruiz,* the Supreme Court commented on some very practical reasons for such a review:

> [A]n appellate court is obliged to conduct an independent review of the entire record to determine whether venue was proper in the ultimate county of suit.... If there is probative evidence to support the trial court's determination, even if the preponderance of the evidence is to the contrary, we believe the appellate court should defer to the trial court.
>
> A remand to reconsider the [venue] issue, which is the relief ordinarily afforded or factual insufficiency of the evidence, would only increase the expense and delay of litigation in order to resolve an issue which, though important, is unrelated to the merits. Moreover, it exacerbates the difficulties already present in the rule if the appellate court decides, based on all the evidence, that the case should be remanded for a redetermination of venue, based on prima facie proof. (Would a second trial be required?) [Section 15.064] does not mandate factual sufficiency review, and we believe it is neither necessary nor wise.
>
> Therefore, if there is any probative evidence in the entire record ... that venue was proper in the county where judgment was rendered, the appellate court must uphold the trial court's determination.... Only if there is no probative evidence that venue was proper either in the county of suit or in the county to which transfer was sought should the appellate court remand the case to the trial court to conduct further proceedings on the issue of venue....

*Id.,* 868 S.W.2d at 758.

■ For trial judges, the parties' pleadings on file at the venue hearing are conclusive on the issues of the existence of a cause of action. *See* TEX.R.CIV.P. 87.3(a). This means that for venue purposes, a trial court is forced to take pleadings at face value and

may find venue proper in the county of suit as long as the cause of action alleged and the residence of a named defendant will permit venue in that county. We have already quoted the *Ruiz* rationale for requiring appellate courts to review the entire record when improper venue is a complaint on appeal. *Wilson,* however, expands that rationale by explaining another significant and practical purpose served by having an appellate court review the entire record: the review satisfies the need to balance a plaintiff's right to select the county of proper venue against a defendant's right to protection from being forced to trial in a county that only later is understood to have been a county of improper venue. *Wilson,* 886 S.W.2d at 262.

A full review after final judgment may reveal that the prima facie venue proof considered by the trial court was simply misleading or wrong. *Ruiz,* 868 S.W.2d at 757. An appellate court's review of the full record once the case has ended in final judgment enables a defendant to have a just recourse from improper venue that a plaintiff wrongly gained by false or inaccurate pleadings that the trial court had to accept at face value in the venue process. *See Wilson,* 886 S.W.2d at 262.

■ For years, libel plaintiffs at venue hearings were required to offer prima facie proof of the existence of a cause of action against the defendant. *See General Motors Acceptance Corp. v. Howard,* 487 S.W.2d 708, 710 (Tex.1972); *A.H. Belo Corp. v. Blanton,* 133 Tex. 391, 129 S.W.2d 619, 621–22 (Tex. 1939); *Betancourt v. Whittle,* 659 S.W.2d 895, 897 (Tex.App.—San Antonio 1983, no writ). It is no longer necessary to prove at a venue hearing that a cause of action exists. TEX.R.CIV.P. 87.3.(a). From the evidence in this case, the trial court was aware that all of the litigants except Tom Bateman reside or are domiciled in Denton County and Mr. Acker's claims had their origin in Denton County, not Tarrant County.

Facially, Mr. Acker's basis for claiming venue in Tarrant County was that he had joined Tom Bateman, a Tarrant County resident, as a defendant. The record, however, does not substantiate any claim by Mr. Acker against Tom Bateman for acts done by him in his individual capacity. Although Mr. Acker's petition names Mr. Bateman as one

of the defendants, it does not allege that Bateman personally committed any wrongs. Tom Bateman's affidavit in support of the motion to transfer venue from Tarrant County was not controverted by Mr. Acker and is competent evidence that Mr. Bateman did not personally perform, assist, or supervise the alleged libel. Mr. Bateman's only relation to the matters alleged by Mr. Acker is that Mr. Bateman is a corporate officer of the publishing company.

After bathing Mr. Acker's Tarrant County venue claim in the light of the entire record, we must conclude that Mr. Bateman was not a proper defendant in the suit. *See ACF Indus., Inc. v. Carter,* 903 S.W.2d 423, 424 (Tex.App.—Texarkana 1995, writ dism'd by agr.). The record as a whole reveals no genuine issue of material fact that would support a cause of action by Mr. Acker against Mr. Bateman individually. Because our review of the entire record shows that the prima facie venue proof in the Tarrant County court was misleading, we conclude that Tarrant County was not a county of proper venue, and the 96th District Court's order to transfer venue to the proper county, Denton, was not reversible error. The third point of error is overruled.

### RES JUDICATA

 We now turn to the defendants' assertion that many of Mr. Acker's claims in this suit are barred by the doctrine of res judicata because of a prior suit brought by Mr. Acker in 1994. There, Mr. Acker and his wife Janet Acker sued Denton Publishing Company, Fred W. Patterson, Fred W. Patterson, Jr., Roy Appleton and Cheryl Hastings. After a summary judgment that Mr. and Mrs. Acker take nothing against the defendants in that suit, the Ackers appealed it to this court, in *Acker v. Denton Publishing Co., et al,* No. 2–95–103–CV (Tex.App.—Fort Worth, May 23, 1996, app. for writ pending) (not designated for publication). In the present appeal, Mr. Acker's brief concedes that "all of the causes of action [in the prior case and the present case] are directly related to each other and conclusively show a continuing pattern of libel, defamation, and invasion of privacy ... [n]o one party can be prejudiced by the joining together of these two causes." His current brief asks that the two cases be joined and remanded for a trial by one jury. Because this court ruled on his earlier appeal months ago and because it is now before the Texas Supreme Court on a pending application for writ of error, we give no consideration to his request that the two cases be joined.

However, the petitions filed by Mr. Acker in both cases are included in the record presented for this appeal, and a comparison of the causes of action asserted in the two petitions shows that the claims Mr. Acker asserted in both suits are virtually identical. The summary judgment granted in the prior suit includes the following:

> [T]he summary judgment proof establishes, as a matter of law, (1) that there are no published materials within twelve (12) months of the institution of these proceedings on April 14, 1994, alleged to libel or slander [Acker] and thus all claims for libel or slander are barred by Section 16.002 of the Civil Practice & Remedies Code; (2) that there is no cause of action in Texas for false light invasion of privacy ... (4) that there is no cause of action for deceptive trade practices raised by [Acker's] First Amended Original Petition because the publications of which complaint is made cannot constitute a violation of Section 17.41 *et seq.* of the Business and Commerce Code....

 Although that judgment is the subject of an application for writ of error pending in the Texas Supreme Court, it is finally dispositive of the matters there decided unless and until it is reversed and all of its appeals are completed.[1] *See Scurlock Oil Co. v. Smithwick,* 724 S.W.2d 1, 6 (Tex.1986). A purpose of summary judgment procedure is to make final any issues determined by summary judgment, and the issues so decided cannot be further litigated unless the summary judgment is set aside by the trial

---

1. At the time the opinion in the case at bar was delivered, and application for writ of error in cause no. 2–95–103–CV was pending in the Supreme Court of Texas. The application for writ of error was denied on December 13, 1996; a motion for rehearing was overruled on January 10, 1997.

court or reversed on appeal. *Krenek v. Texstar North Am., Inc.*, 787 S.W.2d 566, 569 (Tex.App.—Corpus Christi 1990, writ denied). Accordingly, the summary judgment granted in the 1994 suit is res judicata to all of Mr. Acker's claims for libel or slander pertaining to publications of the *Lewisville News* on or before April 14, 1994, and any claim for false light invasion of privacy or deceptive trade practices occurring on or before that date. *Id.*

## THE REQUEST FOR CONTINUANCE

■ After this case was transferred to the docket of the 362nd District Court in Denton, the publishing company and its co-defendants moved for summary judgment. Mr. Acker filed a motion to transfer venue to either Dallas or Travis Counties, and the district court in Denton scheduled a hearing to consider both the summary judgment motion and the motion to transfer. The second point of error is that the 362nd District Court in Denton erroneously denied Mr. Acker's motion for continuance of the hearing.

The hearing was on October 26, 1995, and a court reporter transcribed the proceedings. Both Mr. Acker and the defendants' attorney announced ready in open court at the scheduled time. After the hearing began, Mr. Acker made what the court construed as an oral motion for continuance and denied by announcing that the hearing would proceed. We are not persuaded that the trial court erred in denying an oral motion for continuance after Mr. Acker's announcement that he was ready for the hearing, and the second point of error is overruled.

## MOTION TO TRANSFER VENUE FROM DENTON

■ In the fourth point of error, Mr. Acker complains about the 362nd District Court's denial of his motion to transfer venue from the 362nd District Court to either Dallas or Travis Counties. That motion appears to be grounded on Mr. Acker's concern that the case would not be tried fairly in Denton because the defendant publishing company owns and operates the only daily newspaper in the county. The inability to obtain a fair and impartial trial of a civil case may be grounds for a change of venue. TEX.R.CIV.P. 257. A motion on those grounds must be

supported by competent affidavits of the party seeking the transfer and three credible residents of the county where the suit is pending. *Id.*

Mr. Acker did not furnish the required number of affidavits, and because he did not comply with Rule 257, we find no error in the denial of his motion to transfer venue from Denton County. We overrule point of error number four.

## DOCUMENTS FILED BUT NOT IN RECORD

■ Point of error number five presents only conjecture: "[t]he court, or court clerk [in Denton] *could have* erred in not considering, or in the alternative, properly filing and maintaining plaintiff's complete answer and two affidavits to defendants' motion for summary judgment." [Emphasis added.] Those documents are not in the transcript before us on this appeal.

However, the contentions made under point number five are insufficient to identify an error by the court or its clerk with regard to the documents named. Consequently, the contentions do not establish that the manner in which the court or its clerk treated the documents was reasonably calculated to cause and probably did cause rendition of an improper judgment. *See Wells v. HCA Health Servs. of Texas, Inc.*, 806 S.W.2d 850, 854 (Tex.App.—Fort Worth 1990, writ denied). Point of error number five is overruled.

## THE SUMMARY JUDGMENT HEARING

### A. Untimely Reply?

■ After the defendants filed their motion for summary judgment, Mr. Acker filed an answer to the motion. The day before the summary judgment hearing and without seeking leave of court, the defendants filed a reply to Mr. Acker's answer. Point of error number one asserts that the defendants' reply was untimely and that the 362nd District Court erred by favorably considering it in rendering summary judgment.

■ It is neither necessary or appropriate for a court reporter to record a summary

judgment hearing. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex. 1979). Nevertheless, a court reporter transcribed the dialogue at the hearing. When Mr. Acker asked the trial judge whether the court was accepting the defendants' newly-filed reply as "evidence" for consideration in ruling on the motion for summary judgment, the judge answered "no." Mr. Acker contends that the court did consider the newly-filed reply because the summary judgment states:

> After reviewing the motion for summary judgment with its supporting affidavits, Plaintiff's Answer to Defendants' Motion for Summary Judgment with supporting affidavits and Defendants' Reply to Plaintiff's Answer to Defendants' Motion for Summary Judgment with supporting affidavit and having heard the argument of counsel, the Court finds that there are no disputed issues of material fact.…

The defendants argue that their reply presented no new grounds for summary judgment nor any additional proof to support the grounds of the summary judgment motion. After reviewing the defendants' reply, we agree. The reply was not a response to the substance of Mr. Acker's answer to the defendants' summary judgment motion but instead addresses timing conflicts that the parties had experienced in arranging and taking depositions. As a matter of law, pleadings (such as the reply) are not summary judgment proof. *Kehoe v. Lambert,* 633 S.W.2d 576, 578 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Moreover, the defendants' attorney told the trial court that he was not asking the court to consider the reply as evidence and that it would be improper to so consider it. When the trial judge announced on the record that he would not consider the reply as evidence, Mr. Acker argued that the affidavit attached to the reply was evidence, and the judge responded, "[w]ell, if it does have evidence, the Court's not going to consider it."

 Although the summary judgment lists the titles of the documents that were presented for the trial court's consideration with the motion for summary judgment, that does not establish that the court considered inadmissible evidence. The law presumes that in a matter not tried before a jury, a court disregards any incompetent evidence and considers only the competent evidence in reaching its decision. *Gillespie v. Gillespie,* 644 S.W.2d 449, 450 (Tex.1982); *Great Global Assur. Co. v. Keltex Properties, Inc.,* 904 S.W.2d 771, 777–78 (Tex.App.—Corpus Christi 1995, no writ); *In re A.V.,* 849 S.W.2d 393, 402 (Tex.App.—Fort Worth 1993, no writ); *Southwestern Bell Media, Inc. v. Lyles,* 825 S.W.2d 488, 498 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Even the admission of incompetent evidence does not require reversal of a judgment when there is competent evidence to authorize its rendition. *Gillespie,* 644 S.W.2d at 450; *Williford Energy Co. v. Submergible Cable Serv., Inc.,* 895 S.W.2d 379, 388 (Tex.App.—Amarillo 1994, no writ).

**B. Denial of Request to Present Witnesses at the Hearing.**

 Another part of Mr. Acker's complaint in point of error number one is that the trial court would not allow him to present witnesses either in person or by deposition at the summary judgment hearing. The court's denial of that request was not error. *See* Tex.R.Civ.P. 166a(c).

**C. The Summary Judgment.**

 Point of error number six asserts that the "[f]inal summary judgment order was seriously defective." The arguments made with the sixth point present nothing of substance for our review. Tex.R.App.P. 74(d). Thus, the sixth point of error is waived.

Point of error number seven is that the 362nd District Court erroneously found that there are no disputed issues of material fact. The issue on appeal is whether the movants met their summary judgment burden by establishing that no genuine issue of material fact exists and that they were entitled to judgment as a matter of law. *See* Tex. R.Civ.P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *City of Houston,* 589 S.W.2d at 678. The burden of proof is on the movants, *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301–02 (Tex.1990),

and all doubts about the existence of a genuine issue of a material fact are resolved against the movants. *Cate,* 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movants' position will not be considered unless it is uncontroverted. The summary judgment will be affirmed only if the record establishes that the movants have conclusively proved all essential elements of their defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

The movants, defendants in the trial court, are entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of each cause asserted by Mr. Acker cannot be established. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex.1975). To accomplish this, the defendants-movants must have presented summary judgment evidence that negates an element of each claim by Mr. Acker. If that evidence was presented, the burden shifted to Mr. Acker to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the movants. *Centeq Realty,* 899 S.W.2d at 197.

We have already determined that the doctrine of res judicata bars many of the causes of action asserted by Mr. Acker in this suit, because they originated on or before April 14, 1994 and were separately adjudicated in the earlier suit brought by Mr. Acker and his wife Janet. The defendants asserted the doctrine of res judicata in their motion for summary judgment as one of its grounds. From the record before us, it appears that the only newspaper article remaining for Mr. Acker's challenge in this suit is one written by Cynthia Baker and published in the *Lewisville News* on March 24, 1995.

As a matter of law, that article is not grounds for Mr. Acker's false light invasion of privacy claim because Texas does not recognize that cause of action. *Cain v. Hearst Corp.,* 878 S.W.2d 577, 578 (Tex.1994). Although Mr. Acker's petition applies the term "deceptive trade practices" to acts of the defendants, we conclude that the petition does not allege the essential elements for a cause of action under TEX.BUS. & COM.CODE ANN. § 17.41 et. seq. (Vernon 1987 & Supp. 1997). His brief does not mention that statute or rely on it for any cause of action. *See Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex. 1993). We conclude that the only cause of action the law allowed Mr. Acker to try to prove in this suit was that of libel based on the March 24, 1995 published article written by Cynthia Baker.

To support a cause of action for libel of a living person, the published material must be measured against these elements:

> A libel is a defamation expressed in written or other graphic form that tends to ... injure a living person's reputation and thereby expose the person to public hatred, contempt, or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury.

TEX.CIV.PRAC. & REM.CODE ANN. § 73.001 (Vernon 1986). The grounds asserted in the defendants' motion for summary judgment include (1) that the Cynthia Baker article, as a matter of law, is neither defamatory on its face nor by innuendo, and (2) that the Baker article is privileged as a matter of law under TEX.CIV.PRAC. & REM.CODE ANN. § 73.002(b)(2) (Vernon 1986) because the article is a fair, true, and impartial account about a matter of public concern, Mr. Acker's political campaign for election to the Flower Mound Town Council. When the defendants raised these issues of law, the burden shifted

to Mr. Acker to specify for the trial court the words he believes libelous.

 The threshold question for the trial court to determine in a libel action is one of law: are the published words capable of a defamatory meaning? *Musser v. Smith Protective Services, Inc.*, 723 S.W.2d 653, 654 (Tex.1987). The effect of the summary judgment is that the trial court answered "no" to the threshold question. Mr. Acker's original petition in this suit alleges that the defendants' libel was wilful and malicious, but the summary judgment proof includes the affidavit of Cynthia Baker who wrote the published article. Her affidavit states that at the time she wrote the article, she believed every statement in it was true and correct, that she relied on stories previously published in the *Lewisville News* as background information for the article, and that no person connected with the newspaper in any capacity gave her any suggestion for, or attempted to influence, the story's content.

Malice in the context of defamation is defined as a publication made with knowledge of its falsity or with reckless disregard as to its falsity. *Hagler v. Proctor & Gamble Mfg. Co.*, 884 S.W.2d 771, 772 (Tex.1994); *Carr v. Brasher*, 776 S.W.2d 567, 571 (Tex. 1989). Cynthia Baker's affidavit was competent and readily controvertible summary judgment proof that there was no malice, but Mr. Acker did not controvert that with competent summary judgment proof of his own. Significantly, Mr. Acker's pleadings, including his answer to the motion for summary judgment, do not isolate the exact language he believed defamatory.

By granting the defendants' motion for summary judgment, the trial court found as a matter of law that the Cynthia Baker article dated March 24, 1995 was not actionable as libel because it was not reasonably capable of a defamatory meaning, was not written and published with malice, and was privileged under Tex.Civ.Prac. & Rem.Code Ann. § 73.002(b)(2) (Vernon 1986). We agree.

Points of error number one, six, and seven are overruled because we conclude that the record establishes that the movants for summary judgment conclusively proved all essential elements of their defense as a matter of law, and that at least one element of each cause of action asserted by Mr. Acker was negated by the summary judgment proof and cannot be established. Having found no reversible error, we affirm the judgment of the trial court.