NO. 12-04-00328-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


§

IN RE: EAST TEXAS MEDICAL 
CENTER ATHENS AND EAST  
TEXAS MEDICAL CENTER                            §                 ORIGINAL PROCEEDING
REGIONAL HEALTHCARE SYSTEM,
RELATOR 

§





OPINION
            Relators East Texas Medical Center Athens and East Texas Medical Center Regional
Healthcare System (collectively “ETMC”) seek a writ of mandamus directing the Honorable
James N. Parsons III, Judge of the 3rd Judicial District Court, Henderson County, Texas, to vacate
his order denying ETMC’s motion to transfer venue. We deny the petition.

Background
            The underlying proceeding is a negligence action filed by real party in interest Sonja Bass,
individually and as next friend of David Wayne Cornelius, an incapacitated individual. In its
mandamus petition, ETMC alleges that fifteen, eight, seven, five, and two days prior to the
commencement of trial, “numerous highly prejudicial publications” occurred in the local media to
which the potential jury pool was exposed. Because of these publications, ETMC sought a transfer
of venue alleging it could not receive an impartial trial in Henderson County. See Tex. R. Civ. P. 
 257(c). The trial court denied ETMC’s motion, and this original proceeding followed. ETMC also
filed a motion for immediate temporary relief. 

Prerequisites to Mandamus
            A writ of mandamus will issue only to correct a clear abuse of discretion or violation of a
duty imposed by law when there is no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (orig. proceeding). The limited availability of mandamus is necessary to
preserve “orderly trial proceedings” and to prevent the “constant interruption of the trial process by
appellate courts.” Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994). The
relator has the burden of showing an abuse of discretion as well as the inadequacy of appeal as a
remedy. Id.

Abuse of Discretion
            Any party in a civil cause may move for a change of venue on the ground that an impartial
trial cannot be had in the county where the action is pending. Tex. R. Civ. P. 257(c). The motion
to transfer venue must be supported by the movant’s affidavit and the affidavit of at least three
credible persons, residents of the county in which the suit is pending. Tex. R. Civ. P. 257. A trial
court can deny the motion to transfer if the movant does not comply with Rule 257. See Acker v.
Denton Pub. Co., 937 S.W.2d 111, 118 (Tex. App.–Fort Worth 1996, no writ) (movant did not file
required number of affidavits); Carrasco v. Goatcher, 623 S.W.2d 769, 771 (Tex. App.–El Paso
1981, no writ) (movant did not file any affidavits from county residents). If the motion is challenged
as permitted by Texas Rule of Civil Procedure 258, the judge must try the issue. Tex. R. Civ. P. 258;
City of Abilene v. Downs, 367 S.W.2d 153, 155 (Tex. 1963). If the motion is not challenged in the
manner provided by Rule 258, transfer is mandatory. Tex. R. Civ. P. 258; Downs, 367 S.W.2d at
155-56. 
The Record
            ETMC filed its motion to transfer venue (the “motion”) the day before trial. The motion was
supported, in part, by affidavits from seventeen individuals. Each of these affiants opined that a
specific news article published in the Athens Daily Review was so prejudicial against ETMC that it
could not obtain a fair and impartial trial in Henderson County. However, none of the affidavits
included the affiant’s county of residence. See Tex. R. Civ. P. 257.
            At a pretrial hearing on the afternoon before trial, the trial court heard arguments on the
motion and then took it under advisement. At the conclusion of the hearing, the following discussion
occurred between counsel for the parties and the trial court:
 
[BASS]:Your Honor, there’s one or two housekeeping matters. One has to do with
the motion to transfer venue that I know they filed. I appreciate that the
Court has taken it under advisement. We just want to make sure that we
haven’t waived because we have a procedure on substantive objections to
their evidence, and we want to make sure at some point before there’s a
ruling on it that we get to [make] our evidentiary objections as a part of the
record.
 
[ETMC]:We can do it now or we can wait till the Court takes it up or considers it
further.
 
THE COURT:Well, when you say you want to make evidentiary objections, you’re
saying that–do you have something you filed that you want to present?
 
[BASS]:Not yet, Your Honor. I’ll tell you specifically what we’re dealing with. 
For example, Rule 257 permits them–and Rule 258 permits them to file
affidavits from three residents of the county. None of their affidavits
disclose where these people live. They could live in Venezuela.
 
THE COURT:Okay. Well, why don’t we do it this way: I’ll allow [you to] file anything
you want to by tomorrow morning since I’ve got it under advisement.
 
[BASS]:Can you close their record now so we don’t have to get more stuff in the
morning to respond to?
 
THE COURT:Well, they can always ask for leave to do so.
 
[ETMC]:I think to the extent that we need to show that any of these folks who read
the Athens Daily Review are residents of Henderson County–
 
THE COURT:You-all file your stuff in the morning. I’ll address it in the morning.


            The record reflects that at 8:19 a.m. the following morning, ETMC filed a new affidavit from
each of the seventeen affiants. Each affidavit included the affiant’s county of residence. Following
jury selection, the trial court, without any further mention of the motion by the trial court or the
parties, signed an order denying the motion.
Prerequisite to presentation of complaint
            Texas Rule of Appellate Procedure 33.1 provides that as a prerequisite to presenting a
complaint for appellate review, the record must show that the complaint was made to the trial court
by a timely request, objection, or motion that stated the grounds for the ruling sought with sufficient
specificity to make the trial court aware of the complaint, unless the specific grounds were apparent
from the context. Tex. R. App. P. 33.1(a)(1)(A). This rule is to ensure that the trial court has the
opportunity to rule on matters for which parties later seek review in the appellate court. Dolcefino
v. Randolph, 19 S.W.3d 906, 926 (Tex. App.–Houston [14th Dist.] 2000, pet. denied). Moreover,
where a trial court has a legal duty to perform a nondiscretionary act, mandamus relief is not
available unless the record shows the relator made a demand for performance that the trial court
refused. See O’Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992). As one court
has recognized in the mandamus context, “it would be hard to conclude, without circumstances that
were highly unusual or that made a trial court’s ruling void, that a trial court could abuse its
discretion in making a ruling for a reason that was never presented to the court.” In re Bank of
America, No. 01-02-00867-CV, 2003 WL 22310800, at *2 (Tex. App.–Houston [1st Dist.] 2003,
orig. proceeding).
            It is undisputed that ETMC filed the new affidavits before the trial court signed the order
denying its motion. ETMC urges that the trial court had a duty to grant the motion once the new
affidavits were filed. Thus, its argument continues, the trial court denied the motion in violation of
a clear legal duty, which must be corrected by mandamus. The record does not reflect that ETMC
reurged its motion after filing the new affidavits or made the trial court aware of the filing.


 
However, ETMC asserted at oral argument in this proceeding and again in its post-submission brief
that no such action was necessary.
            Presentment Requirement
            ETMC first points out that rules 257 and 258 do not include a presentment requirement. 
Absent a presentment requirement in the controlling procedural rules, ETMC contends, the new
affidavits were properly before the trial court once they were filed. In support of its argument,
ETMC cites Cecil v. Smith, 804 S.W.2d 509, 510 (Tex. 1991). In Cecil, the supreme court
concluded, based upon the express language of the predecessor to appellate rule 33.1 (Texas Rule
of Appellate Procedure 52(d)), that motions for new trial need not be “presented” to the trial court
to preserve a complaint for appellate review. This exception can now be found in appellate rule
33.1(b) and applies only to motions for new trial and motions to modify judgment. Tex. R. App. P.
33.1(b). The opinion in Cecil contains no language suggesting that its holding can be extended
beyond the motions to which appellate rule 33.1(b) applies. Therefore, Cecil is inapposite.
            Knowledge of Trial Court
            ETMC next argues that “[s]ince the only issue raised and the only thing [ETMC] inquired
about was the absence of a residency statement in the affidavits, it was pretty much a given that
ETMC would be filing amended affidavits. Moreover, the trial court specifically rejected an attempt
to close the evidence to prevent any such amended affidavits.” Additionally, ETMC states that the
affidavits were filed “after the trial court expressly gave permission to do so while he held the
motion to transfer under advisement.” Therefore, ETMC maintains that the trial court was charged
with knowledge that the filing had in fact occurred, which, in turn, fulfilled any requirement that
ETMC call the new affidavits to the trial court’s attention.
            Merely filing a document with the district clerk does not impute the clerk’s knowledge of the
filing to the trial court. See, e.g., In re Hearn, 137 S.W.3d 681, 685 (Tex. App.–San Antonio 2004,
orig. proceeding); In re Chavez, 62 S.W.3d 225, 229 (Tex. App.–Amarillo 2001, orig. proceeding). 
Therefore, the filing of a document with the court clerk does not in and of itself bring the matter to
the attention of the court. See In re Davidson, 2004 WL 314555, at *1 (Tex. App.–Amarillo 2004,
orig. proceeding). The new affidavits were not in existence at the time the trial court gave ETMC
permission to “file [their] stuff in the morning.” Thus, ETMC had the burden to secure new
affidavits from at least three of the affiants and file them the next morning. Although ETMC argues
that their filing the new affidavits was “a given,” the likelihood of the filing is not relevant here. If
an actual filing is insufficient to bring a filed document to the court’s attention, it logically follows
that knowledge of a potential, (or even a likely,) filing is also insufficient. Therefore, the trial court
was not charged with notice of the actual filing. ETMC’s argument is without merit.
 
Conclusion
            To show its entitlement to mandamus relief, ETMC was required to demonstrate that (1) the
trial court had a legal duty to act, (2) ETMC requested performance, and (3) the trial court refused
to perform. Based upon our review of the record, we conclude that ETMC did not establish a request
for performance based upon the new affidavits. Despite its arguments to the contrary, we cannot
agree that ETMC was excused from this requirement. Because it did not make the necessary request,
ETMC has been unable to establish the trial court’s refusal to act on such a request. Therefore,
ETMC has not shown any abuse of discretion by the trial court. Because ETMC has not shown the
trial court abused its discretion, we need not address the adequacy of appeal as a remedy. 
Accordingly, the writ of mandamus is denied. ETMC’s motion for immediate temporary relief is
overruled as moot.

                                                                                                     DIANE DEVASTO 
                                                                                                                Justice


Opinion delivered February 18, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.






















(PUBLISH)