

NUMBER 13-07-00164-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PHILLIP JACKSON AND MARY JACKSON,                    **Appellants,**

**v.**

MAYOR SAMUEL LOYD NEAL AND
DISTRICT ATTORNEY CARLOS VALDEZ,                    **Appellees.**

On appeal from the 28th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant, Phillip Jackson, a prison inmate, appeals, pro se, on behalf of himself and

his mother, appellant Mary Jackson. The Jacksons filed suit in DeWitt County against

appellees, former Mayor Samuel Loyd Neal and District Attorney Carlos Valdez.[1]  By their suit, the Jacksons challenged civil forfeiture proceedings.  The trial court granted summary judgment in favor of Neal and dismissed, without prejudice, the Jacksons' claims under chapter 14 of the Texas Civil Practice and Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001-.014 (Vernon 2002) (setting out the process for certain inmate litigation).  Eight issues are presented for our review.  We affirm.

## I.  Background

## A.  Order Transferring Venue

Valdez filed a motion to transfer venue from DeWitt County to Nueces County asserting that DeWitt County was not a county of proper venue because the Jacksons pleaded no facts to support venue there.  Valdez pleaded facts supporting venue in Nueces County under the general venue statute and also urged that transfer of venue was for the convenience of the parties.  *See id.* § 15.002(a)(1)-(3), (b) (Vernon 2002).  Without challenging the facts relied upon by Valdez, the Jacksons argued in their response that venue was proper in DeWitt County because they would be prejudiced by the transfer.  Prior to submission of the motion, Phillip requested that a bench warrant be issued.  It appears from the record, however, that no hearing was held and, on November 16, 2006, after considering the motion by written submission, the trial court transferred the case to Nueces County.  The order did not specify the grounds upon which the transfer was granted.

---

[1]The Jacksons also identify the City of Corpus Christi, John Doe, and Jane Doe as appellees.  However, we find nowhere in the record that they were served with citation.  Only Valdez and Neal answered and participated in the proceedings below.  Therefore, based on our review of the record, the City and John and Jane Doe were never parties to the lawsuit and, therefore, cannot be appellees in this appeal.

On December 19, 2006, the Jacksons appealed the order transferring venue. In March 2007, this Court dismissed the appeal for lack of jurisdiction. *See Jackson v. Neal*, No. 13-06-700-CV, 2007 Tex. App. LEXIS 1786, *2 (Tex. App.–Corpus Christi Mar. 8, 2007, no pet.) (mem. op.) (per curiam) (dismissing the appeal because the law does not provide for judicial review of an interlocutory order transferring venue) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 15.064 (Vernon 2002); TEX. R. APP. P. 42.3(a)).

### B. Order Granting Neal's Motion for Summary Judgment

Neal filed a motion for summary judgment and severance. In his supporting affidavit, Neal set out that he had neither involvement in nor knowledge of the seizure or forfeiture proceedings relevant to this case. The Jacksons responded arguing that Neal was the "head of" and the "key factor in" the civil conspiracy, "was directly involved with the theft, grand theft and fraud," and entered "into [an] agreement with all other defendant[s] to take [their] property by a[n] illegal and unconstitutional manner." The Jacksons attached no evidence to their response. On February 8, 2007, the trial court granted the motion, entered summary judgment against the Jacksons, and ordered that they take nothing as to all claims against Neal. The trial court did not sever the claims against Neal.

### C. Order Granting Valdez's Motion to Dismiss

Valdez filed a motion to dismiss and to assess costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001-014 (Vernon 2002). Valdez argued that Phillip did not comply with mandatory declaration requirements of section 14.004(a) and failed to file a certified copy of his trust account statement in accordance with section 14.006(f). *See id.* §§ 14.004(a); 14.006(f); *see also id.* § 14.003(a)(2), (b)(4). Philip filed his response asserting that he had fulfilled all chapter 14 requirements. On February 8, 2007, following a hearing where Mary

3

appeared but Phillip did not,[2] the trial court granted Valdez's motion and ordered that the case be dismissed without prejudice. The trial court denied Valdez's request to assess fees. This appeal ensued.

## II. The Pro Se Appellants

As parties, Phillip and Mary may each appear in his or her own person, and each may prosecute or defend his or her own rights. *See* TEX. R. CIV. P. 7 ("Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court."). Because they are not attorneys, however, they may not represent others. *See* TEX. GOV'T CODE ANN. § 81.102(a) (Vernon 2005) (setting out state bar membership requirements); *Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.–Amarillo 1997, no writ) (per curiam) (striking documents filed by a layperson having no authority to file them on behalf of another); *see also Shafer v. Frost Nat'l Bank*, No. 14-06-00673-CV, 2008 Tex. App. LEXIS 3676, **10-14 (Tex. App.–Houston [14th Dist.] May 22, 2008, no pet.) (mem. op.) (concluding that a pro se plaintiff unlicensed to practice law may not represent or defend the rights of other pro se plaintiffs); *Clary v. Cockrell*, No. 12-02-00319-CV, 2004 Tex. App. LEXIS 5983, *2, n.1 (Tex. App.–Tyler June 30, 2004, no pet.) (mem. op. designated for publication) (providing that pro se inmate Clary, who is not an attorney, may not represent other named parties).

Phillip is not an attorney and may not represent or defend the rights of Mary. Therefore, we consider Phillip's arguments only to the extent the arguments relate to his own claims or rights. We do not address any arguments made on behalf of Mary.

---

[2]Mary's appearance at the hearing is not supported by the record but is undisputed by Valdez. No reporter's record of the hearing has been filed in this appeal. From our review of the appellate record, the hearing, if any, on February 7, 2007, was for the purpose of presenting Valdez's motion to dismiss. It is not clear whether Neal's motion for summary judgment was argued at the hearing. The orders granting the two motions were both signed on February 8, 2007.

Moreover, Mary neither filed a brief nor adopted Phillip's appellate brief and reply briefs. With these limitations in mind, we proceed to the merits of the appeal.

## III.  Venue Issues

By issues five, six, and seven, Phillip challenges the order transferring venue from DeWitt County to Nueces County.  He asserts that venue was proper in DeWitt County and that he was prejudiced when the case was transferred to Nueces County.

### A.  Applicable Law and Standard of Review

Section 15.002 of the civil practice and remedies code provides as follows:

(a)    Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought:

    (1)    in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

    (2)    in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;

    (3)    in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

    (4)    if Subdivisions (1), (2), or (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

(b)    For the convenience of the parties and witnesses and in the interest of justice, a court may transfer an action . . . where the court finds:

    (1)    maintenance of the action in the county of suit would work an injustice to the movant considering the movant's economic and personal hardship;

    (2)    the balance of interests of all the parties predominates in favor of the action being brought in the other county; and

    (3)    the transfer of the action would not work an injustice to any other party.

(c)     A court's ruling or decision to grant or deny a transfer under Subsection (b) is not grounds for appeal or mandamus and is not reversible error.

TEX. CIV. PRAC. & REM. CODE ANN. § 15.002 (Vernon 2002). "A party who seeks to maintain venue of the action in a particular county" in reliance on section 15.002, the general venue rule of the civil practice and remedies code, "has the burden to make proof . . . that venue is maintainable in the county of suit." TEX. R. CIV. P. 87(2). "A party who seeks to transfer venue of the action to another specified county" under section 15.002 or under mandatory venue sections 15.011-15.017, "has the burden to make proof . . . that venue is maintainable in the county to which transfer is sought." *See id*. The trial court shall transfer venue to a county of proper jurisdiction if the county in which the action is pending is not a proper county. TEX. CIV. PRAC. & REM. CODE ANN. § 15.063(1) (Vernon 2002).

In determining whether venue was proper, we must consider the entire record. *Id.* § 15.064(b); *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260-62 (Tex. 1994). If there is any probative evidence in the record demonstrating venue was proper in the county where judgment was rendered, we must uphold the trial court's ruling. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 471 (Tex. 1995); *Morris v. Tex. Parks & Wildlife Dep't*, 226 S.W.3d 720, 723 (Tex. App.–Corpus Christi 2007, no pet.). Furthermore, we take as true [a]ll venue facts, when properly pleaded, . . . unless specifically denied by the adverse party." TEX. R. CIV. P. 87(3).

B. Analysis

1. Proper Venue

Valdez argues, and we agree, that Phillip pleaded no facts to support venue in DeWitt County under the general venue statute and, thus, did not meet his burden of proof that venue was maintainable in the county of suit. *See id.* 87(2)(a). Valdez did, however,

6

meet his burden of proving that venue is maintainable in Nueces County, Texas, the county to which transfer is sought. *See id.*

Valdez set out in his motion to transfer that venue is proper in Nueces County because (1) all or a substantial part of the events or omissions giving rise to Phillip's claim occurred in Nueces County, (2) defendants Neal and Valdez, natural persons, resided in Nueces County at the time the cause of action, if any, accrued, and (3) the principal offices of all identified defendants were in Nueces County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1)-(3). Phillip did not specifically deny any of the sworn venue facts asserted by Valdez; therefore, Valdez's venue facts must be considered true. TEX. R. CIV. P. 87(3). And, because subsections (1), (2), and (3) apply to this case, subsection (4) does not, and Phillip's residence is not a factor in determining proper venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1)-(4). Thus, the facts undisputably show proper venue in Nueces County.

## 2. Convenience

In this case, Valdez also asserted convenience as a basis for transfer. The trial court granted the transfer without specifying the grounds. "Generally, we must affirm such general orders if any ground in the accompanying motion is meritorious." *Garza v. Garcia*, 137 S.W.3d 36, 37 (Tex. 2004). When a motion asserts convenience as well as other grounds, the statute precludes reversal on convenience grounds. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(c). Because the motion here asserted convenience as one ground, and the statute precludes reversal of any ruling made on convenience grounds, we must affirm the transfer. *Garza*, 137 S.W.3d at 39 ("We acknowledge the court of appeals' concern that the usual presumption in favor of nonspecific orders will make many

7

venue orders 'immune from review.' But in transfer orders based on convenience, that appears to have been precisely the Legislature's intent.").

### 3. Mandatory Venue

Phillip argues that section 15.019, a mandatory venue section for inmate litigation, applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.019 (Vernon 2002) ("[A]n action that accrued while the plaintiff was housed in a facility operated by or under contract with the Texas Department of Criminal Justice shall be brought in a county in which the facility is located."). This argument, however, was not raised in the trial court and is, therefore, waived. *See In the Interest of B.L.D.*, 113 S.W.2d 340, 350-52 (Tex. 2008). Moreover, this provision does not apply to Phillip. Section 15.019 provides for venue in the county of incarceration if the cause of action accrued while the inmate was incarcerated in that county. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.019. The facts show that Phillip, although an inmate in DeWitt County when the lawsuit was filed, was not an inmate in DeWitt County at the time the cause of action allegedly arose. Thus, this argument fails.

### 4. Fair and Impartial Trial

Phillip also argues that transfer of the case to Nueces County prejudiced him because Valdez is the "most powerful man in Nueces County, Texas" and he "would not receive a fair proceeding." Phillip and Mary each filed affidavits stating that a transfer of venue to Nueces County would prejudice both plaintiffs and that there [was] a combination against [them] instigated by influntial [sic] persons by reason of which [they could not] expect a fair and impartial trial . . . in 'Nueces County.'" The assertions made by Phillip track the language of Texas Rule of Civil Procedure 257. *See* TEX. R. CIV. P. 257. Phillip's use of this rule, however, is misplaced. Rule 257 provides that the inability to obtain a fair

and impartial trial of a civil case may be grounds for a transfer of venue. *Id.* Phillip uses the rule as a defensive measure to support the maintenance of his action in DeWitt County. Even were we to consider Phillip's argument, a motion based on rule 257 must be supported by competent affidavits of the party seeking the transfer and three credible residents of the county where the suit is pending. *See id.*; *Acker v. Denton Publ'g*, 937 S.W.2d 111, 118 (Tex. App.–Fort Worth 1996, no writ). Phillip did not satisfy this requirement. Therefore, this argument is also without merit.[3] We overrule Phillip's venue issues five, six, and seven.

## 5. Due Process

By his third issue, Phillip generally argues that he was "denied due process of law in the first hearing by the denial [of] the opportunity to be heard." By the language in his brief, Phillip appears to be arguing that he was denied due process when the trial court did not allow him the opportunity to present evidence at a hearing on Valdez's motion to transfer venue after Phillip requested a bench warrant.

We review a trial court's denial of a bench warrant motion for an abuse of discretion. *See In the Interest of Z.L.T., J.K.H.T., and Z.N.T.*, 124 S.W.3d 163, 165 (Tex. 2003); *Pedraza v. Crossroads Security Sys.*, 960 S.W.2d 339, 342 (Tex. App.–Corpus Christi 1997, no pet.). To determine whether a trial court abused its discretion, we must decide whether it acted without reference to any guiding rules or principles; whether the act was

---

[3]Phillip also argues that rule 259 applies. *See* TEX. R. CIV. P. 259 (providing that if a motion under rule 257 is granted, the cause shall be removed, if a county of proper venue cannot be found, from a district court to any county in the same or an adjoining district or to any district where an impartial trial can be had). This argument was not raised in the trial court and is, therefore, waived. *See In the Interest of B.L.D.*, 113 S.W.2d 340, 350-52 (Tex. 2008). Even had Phillip not waived the argument, rule 259 applies only when a rule 257 motion is granted. In this case, the trial court did not grant such a motion.

arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

"It is well-established that litigants cannot be denied access to the courts simply because they are inmates." *In the Interest of Z.L.T.*, 124 S.W.3d at 165 (citing *Hudson v. Palmer*, 468 U.S. 517, 524 (1984)). However, an inmate does not have an absolute right to appear in person in every court proceeding. *Id.*; *Pedraza*, 960 S.W.2d at 342. "[T]he inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity." *Z.L.T.*, 124 S.W.3d at 165, *see Pedraza*, 960 S.W.2d at 342. The supreme court identified the following factors that the trial court should consider when deciding whether to grant a request for a bench warrant:

> the cost and inconvenience of transporting the prisoner to the courtroom; the security risk the prisoner presents to the court and public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release; whether the prisoner can and will offer admissible, noncumulative testimony that, cannot be effectively presented by deposition, telephone, or some other means; whether the prisoner's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the prisoner's probability of success on the merits.

*Z.L.T.*, 124 S.W.3d at 165; *see Pedraza*, 960 S.W.2d at 342. The trial court has no responsibility to independently inquire into the applicability of the factors; rather, the inmate has the burden to establish his right to relief. *See Z.L.T.*, 124 S.W.3d at 166. If the inmate fails to identify with sufficient specificity the grounds for the ruling he seeks under the factors identified above, the trial court does not abuse its discretion in denying his request. *See id.*

In his motion for a bench warrant, Jackson requested the following:

10

Now comes, Phillip Jackson #1189921, pro se, humbly request the Honorable Court to issue a order from the bench, for a bench warrant for Phillip Jackson, that I may be present at the hearing on November 16, 2006 and said order to the sheriff of DeWitt County to deliver Phillip Jackson to the Honorable Court for said hearing. Thank you! Plaintiff['s] address, Stevenson Unit, 1525 FM 766, Cuero, Texas 77954.

On November 16, 2006, the trial court granted Valdez's motion to transfer the case to Nueces County without issuing a bench warrant, thereby impliedly denying Phillip's request. *See Z.L.T.,* 124 S.W.3d at 165. Phillip's bench warrant motion contains no information by which the trial court could assess the necessity of his appearance at a venue hearing. The motion contains no basis or argument for granting the motion. *Pedraza*, 960 S.W.2d at 342. It does not reference any of the factors identified in *Z.L.T. See In the Interest of Z.L.T.*, 124 S.W.3d at 165-66. As in *Z.L.T.*, the only information in the motion pertinent to Phillip's request is that he is incarcerated in Cuero, Texas, over 100 miles from Nueces County. *See id.* at 166 (noting that the only relevant information in the bench warrant motion was that the prisoner was incarcerated "more than 200 miles from the trial court"). Because Phillip failed to meet his burden to prove his entitlement to a bench warrant, we cannot say the trial court abused its discretion in implicitly denying Phillip's request for a bench warrant. *See id*. We overrule Phillip's third issue.

### IV. Summary Judgment Issues

Phillip does not challenge the summary judgment granted in favor of Neal in his original brief. In his reply brief, Phillip, for the first time, challenges the propriety of the summary judgment on due process grounds, after Neal raised facts related to these issues in his responsive brief.[4] *See* TEX. R. APP. P. 38.3.

---

[4]Phillip complains of the trial court's alleged failure to bench warrant him for the February 2007 hearing. He also asserts that he did not receive notice of the granting of the summary judgment.

11

Rule 38.3 states that the "appellant may file a reply brief addressing any matter in the appellee's brief." *Id.* However, an appellant may not use a reply brief to raise new issues. *Lopez v. Montemayor*, 131 S.W.3d 54, 61 (Tex. App.–San Antonio 2003, pet. denied); *see Anderson Producing, Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 424 (Tex. 1996) (declining to consider issue first raised in reply brief). Because Phillip failed to raise his due process challenges in his initial brief, we conclude that he has waived these complaints for appellate review.[5] We overrule Phillip's reply issues regarding the summary judgment granted in favor of Neal.

## V. Motion to Dismiss Issues

### A. Rulings on Phillip's Motions

By his first two issues, Phillip complains that he was denied due process when the trial court dismissed his claims before ruling on two motions—Phillip's motion to stay the proceedings and Phillip's motion to proceed in forma pauperis—while his appeal of the order transferring venue was pending.[6] We disagree.

### 1. Motion to Stay

An appeal from an interlocutory order does not stay the commencement of a trial or other proceedings in the trial court, except in limited circumstances. *See* TEX. CIV. PRAC.

---

[5]We also note that Phillip provides no further argument with record cites and citation to authority to support these contentions. *See* TEX. R. APP. P. 38.1(i) (providing that this court will only consider contentions that are supported by clear and concise arguments with appropriate citations to authorities and the record); *Moser v. Roberts*, 185 S.W.3d 912, 916 (Tex. App.–Corpus Christi 2006, no pet.). Therefore, Phillip has waived error because the issues are inadequately briefed. In addition, we have not found a motion for a bench warrant requesting Phillip's appearance at this February hearing or facts regarding notice of the granting of the summary judgment in the appellate record.

[6]Phillip alleges that the trial court agreed, in open court, not to rule on Valdez's motion to dismiss until the appeal of the venue order was concluded; however, he provides no record support for this assertion. *See* TEX. R. APP. P. 38.1(i). Therefore, we will not address arguments related to the trial court's alleged agreement to stay the proceedings in this case.

& REM. CODE ANN. § 51.014 (Vernon 2008). None of the specific circumstances apply in this case. *See id.* Additionally, rule 29.5 of the Texas Rules of Appellate Procedure sets out that the trial court retains jurisdiction during an appeal of an interlocutory order and, unless prohibited by statute, may make any rulings or orders that do not interfere with temporary orders issued by the court of appeals or with the appellate court's jurisdiction. TEX. R. APP. P. 29.5.

In this case, there are no statutory restrictions that apply to the trial court making further rulings, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; the trial court's rulings did not interfere with temporary orders because none were issued; and, the rulings did not interfere with our jurisdiction because we concluded that we had none. *See Jackson*, No. 13-06-700-CR, 2007 Tex. App. LEXIS 1786, at *2. Therefore, the trial court did not deny Phillip due process when it granted Valdez's motion to dismiss without ruling on Phillip's motion to stay.

## 2. Motion to Proceed in Forma Pauperis

Again, Phillip has made no concise argument with citation to authorities and to the record in support of his contention that the trial court denied him due process when it failed to rule on his motion for pauper status before it dismissed his claim and while the venue appeal was pending. *See* TEX. R. APP. P. 38.1(i). Indeed, it is his claim of poverty, not the ruling he seeks on his motion, that mandates the requirements of chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). The trial court's dismissal was not based on Phillip's failure or his inability to pay fees. It was based on Phillip's non-compliance with requirements of chapter 14. We overrule Phillip's first and second issues.

13

## B. Chapter 14 Requirements

In his responsive brief, Valdez asserts that appellant's claim is frivolous because Phillip failed to sufficiently set forth the operative facts regarding a previous filing and failed to submit a certified copy of his trust account. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(a); 14.006(f). By a reply issue, Phillip claims, for the first time, that he satisfied the requirements of chapter 14 of the Texas Civil Practice and Remedies Code, and, thus, the trial court abused its discretion in dismissing his claim. *See* TEX. R. APP. P. 38.3. However, as set out above, the rules of appellate procedure do not allow an appellant to include in his reply brief a new issue that responds to a matter that was raised in the appellee's brief but that was not raised in the appellant's original brief. *Id.*; *Lopez*, 131 S.W.3d at 61; *see Anderson Producing*, 929 S.W.2d at 424. Because Phillip failed to raise this chapter 14 issue in his initial brief, he has waived these complaints for our review. We overrule Phillip's reply issues regarding the trial court's granting of the motion to dismiss.

## V. Remaining Issues

Phillip presents two additional issues for our review. In issue four, Phillip claims that he has suffered a monetary and property loss by appellees' illegal forfeiture action or seizure without any violation of chapter 59 of the Texas Code of Criminal Procedure or federal law. Phillip does not, however, develop his arguments regarding this issue and does not provide this Court with appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(i). Because this issue is inadequately briefed, we overrule Phillip's fourth issue.

By his eighth issue, Phillip asks, "Did the Stevenson Unit mailroom enter into a conspiracy with the appellee . . . by the delayed notice date on November 19, 2007 [sic]

14

and was not give [sic] to the appellant until November 28, 2007. [sic]" Phillip brings this argument for the first time on appeal; therefore, his eighth issue is waived. *See B.L.D.*, 113 S.W.2d at 350-52.

## VI.  Conclusion

We affirm.


NELDA V. RODRIGUEZ
Justice


Memorandum Opinion delivered and
filed this 22nd day of January, 2009.