BERTON LAND DEVELOPMENT
CORP. et al., Petitioners,

v.

RYAN MORTGAGE INVESTORS et
al., Respondents.

No. B–7109.

Supreme Court of Texas.

March 8, 1978.

Benton Musslewhite, Houston, Graves, Dougherty, Hearon, Moody & Garwood, William L. Garwood, Austin, for petitioners.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, Carter Ferguson, Fort Worth, for respondents.

## ON MOTION FOR REHEARING OF APPLICATION FOR WRIT OF ERROR

PER CURIAM.

Our order of January 11, 1978, refusing the application for Writ of Error of Berton Land Development Corporation, et al, with the notation "no reversible error," is withdrawn and the motion for rehearing is granted.

This is a suit instituted in Montgomery County by Berton Land Development Corporation, et al, against Ryan Mortgage Investors, et al, seeking actual and exemplary damages for fraud, penalties for usury, and an injunction to restrain Ryan, et al, from foreclosing on a deed of trust covering certain lands in Montgomery County. Ryan filed its Plea of Privilege to be sued in Tarrant County and subject thereto pleaded

the defense of res adjudicata in its amended answer. Berton, et al, filed a controverting affidavit in which subsections 5, 7, 9, 9a, 14, 23, 27 and 29a of Article 1995, Tex.Rev.Civ. Stat.Ann. were pleaded as exceptions to the exclusive venue rule. The controverting affidavit did not address the defense of res adjudicata.

The trial court, after hearing evidence on both the Plea of Privilege and the injunction, overruled the plea and granted a temporary injunction. Upon appeal by Ryan, et al, the Court of Civil Appeals reversed the judgment of the trial court. The majority of that court held that until set aside by a court of competent jurisdiction, the plea of res adjudicata of Ryan, et al, conclusively established the non-existence of a cause of action by Berton, et al, against Ryan, et al; and that, for this reason, Berton, et al, failed to plead in their controverting plea the facts which would have sustained venue in the county of suit. Tex. Civ.App., 556 S.W.2d 361.

The decision of the Court of Civil Appeals in the above respects conflicts with the opinion of this Court in *General Motors Acceptance Corp. v. Howard*, 487 S.W.2d 708 (Tex.1972). Under *Howard*, the affirmative defense of res adjudicata is not subject to consideration in a hearing on a Plea of Privilege; affirmative defenses go to the merits of an action and not to the interlocutory matter of venue.

Pursuant to the authority conferred by Rule 483, Tex.R.Civ.P., we reverse the judgment of the Court of Civil Appeals and remand the cause to that court for determination of whether the action of the trial court in overruling Ryan's Plea of Privilege may be affirmed under any of the pleaded exceptions to exclusive venue. See *Lester v. Weddle, et ux.*, 431 S.W.2d 1 (Tex.1968).