## ACF INDUSTRIES, INC. and Shippers Car Line, Inc., Appellants,

v.

## O.Z. CARTER, Appellee.

### No. 06–94–00121–CV.

Court of Appeals of Texas, Texarkana.

Argued June 13, 1995.

Decided June 23, 1995.

Rehearing Overruled July 25, 1995.

---

Gregory P. Grajczyk, John M. Smith, Harbour, Kenley, Boyland, Smith, Longview, for appellants.

J. Clay Gossett, Wilder, Wilder & Gossett, Henderson, Andy Tindel, Tyler, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

In this venue case, we are called upon to determine whether venue is proper in Harrison County. We are compelled to conclude that it is not and reverse and remand the cause to the trial court and order that the cause be transferred to Gregg County for a new trial.

O.Z. Carter sued ACF Industries, Inc. and Shippers Car Line, a wholly-owned subsidiary of ACF Industries (hereafter Shippers), for wrongful discharge and also sued Winston Robinson, Shippers' manager, for intentional infliction of emotional distress. Shippers moved to transfer venue to the county of its residence, Gregg County, asserting that Harrison County was not a proper venue because Shippers' headquarters was located in Gregg County and all transactions or events giving rise to Carter's claim arose in Gregg County. Carter's attorneys responded and attached affidavits supporting the response, indicating that Robinson was a defendant and resided in Harrison County and that, therefore, venue was proper in Harrison County. Upon consideration of the pleadings, affidavits, and attachments to the affidavits, the trial court overruled the motion to transfer venue.

█ In ruling on a motion to transfer venue, the trial court is required to take as true those facts of which prima facie proof is made. TEX.R.CIV.P. 87; *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex.1993). The prima facie proof was that a cause of action existed against Robinson and that he resided in Harrison County. Thus, venue was shown to be proper because Shippers and Robinson

were joined as defendants and the venue, proper as to Robinson, a Harrison County resident, was proper as to all defendants. TEX.CIV.PRAC. & REM.CODE ANN. § 15.061 (Vernon 1986). For this reason, the trial court did not err in overruling the motion to transfer venue.

█ The standard for our appellate review of a venue question differs from the standard by which the trial court is governed. In determining whether venue was or was not proper, we consider the entire record, including the trial on the merits. TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 1986); *Wilson v. Texas Parks and Wildlife Dep't*, 886 S.W.2d 259, 261 (Tex. 1994); *Ruiz*, 868 S.W.2d at 757; *see also* Dan R. Price, *New Texas Venue Statute: Legislative History*, 15 ST. MARY'S L.J. 855, 878–79 (1984). We now appropriately turn to the entire record, including the trial on the merits.

At trial, Carter's attorneys offered no evidence whatsoever to substantiate a cause of action against Robinson. During the trial, the trial court directed a verdict in favor of Robinson because of the absence of any evidence against him. That ruling was not challenged on appeal. Looking at the entire record, including the trial evidence, we conclude that Robinson was not a proper defendant in the trial. Venue in Harrison County was therefore improper. The evidence as a whole may show that the prima facie proof was misleading or wrong. *Ruiz*, 868 S.W.2d at 757. That is the case before us. The improper venue error requires reversal. TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(b); *Ruiz*, 868 S.W.2d at 757. We reverse and remand the cause for a new trial in Gregg County as requested by the defendants.[1]

The case is reversed and remanded to Gregg County for a new trial.

---

1. Shippers also claims that no evidence supports the jury's findings against it. If that were true, rendition would be appropriate. However, our review of all the evidence leads us to conclude that some evidence supports those findings, and we overrule those points of error.