**PINES OF WESTBURY, LTD., and 12,500 Dunlap, Inc. Appellants,**

v.

**PAUL MICHAEL CONSTRUCTION, INC., Appellee.**

No. 11–97–00311–CV.

Court of Appeals of Texas, Eastland.

April 15, 1999.

Rehearing Overruled July 1, 1999.

---

Kevin J. Keith, Fowler, Wiles & Keith, Dallas, for appellant.

Leland C. de la Garza, de la Garza & Associates, Dallas, F. Michael Jung, Strasburger & Price, Attorneys at Law, Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## OPINION

TERRY McCALL, Justice.

Paul Michael Construction, Inc. (PMC) (appellee) filed suit in Dallas County claiming that Pines of Westbury, Ltd. (Pines) and 12,500 Dunlap, Inc. (Dunlap) (appellants) had breached an agreement for PMC to perform construction work to renovate Pines' apartments in Harris County. PMC also sued Patrick Hart, a nonresident owner and officer of Pines, claiming that Pines and Hart committed fraud on PMC. Although Pines, Dunlap, and Hart filed a motion to transfer venue to Harris County, the Dallas trial court denied the motion on the ground that Hart was a nonresident of Texas and PMC was a resident of Dallas County. Because the record reveals that Hart was granted a final summary judgment against PMC's claims which was not appealed, we reverse and remand on venue grounds.

Pines was formed to own some older apartment buildings in Harris County, and Dunlap was formed to be the general partner of Pines. Hart, a nonresident of Texas, was an officer of Pines and was the principal owner of Pines and Dunlap. Pines decided to renovate the apartments in two phases, Phase I consisting of 404 apartments and Phase II consisting of 536 apartments. Pines solicited bids on both phases and awarded the construction contract on Phase I to PMC in June 1993.

While performing renovation work on Phase I, PMC learned that Pines was soliciting additional bids from competing contractors for Phase II. PMC requested confirmation that PMC would be awarded the Phase II work also, but Pines disclaimed any agreement or intent by Pines to include Phase II in the agreement with PMC. While continuing to work on Phase I, PMC filed this lawsuit against Pines, Dunlap, and Hart, claiming anticipatory breach of contract on Phase II, fraud by Pines and Hart, and promissory estoppel. Subsequently, Pines terminated PMC on Phase I, and PMC added claims regarding Phase I.

Pines, Dunlap, and Hart moved to transfer venue to Harris County on the basis that no part of PMC's claims occurred in Dallas County. PMC's response asserted only that venue was proper in Dallas County under TEX. CIV. PRAC. & REM. CODE ANN. § 15.088 (Vernon 1986) because Hart was not a resident of Texas

and because PMC was a resident of Dallas County and that, under former TEX. CIV. PRAC. & REM. CODE § 15.061 (1995),[1] PMC only needed to establish that venue was proper as to one defendant. The Dallas County trial court denied the defendants' motion to transfer venue.

Subsequently, the trial court granted a summary judgment in favor of Hart barring PMC from suing Hart in his individual capacity.[2] A jury trial then resulted in a verdict which found that Pines breached the Phase I contract resulting in damages to PMC; that Pines breached an agreement for PMC to renovate the apartments in Phase II resulting in damages; that attorneys' fees should be awarded to PMC; and that Pines committed fraud against PMC resulting in damages. The trial court granted a judgment notwithstanding the verdict in favor of Pines on the fraud issue, but otherwise entered judgment on the verdict in favor of PMC. PMC did not appeal from Hart's summary judgment, and that judgment is now final.

Pines and Dunlap assert five points of error on appeal. In their first point of error, they contend that venue was improper in Dallas County. Because we agree with their first point, we will not consider their other four points nor will we consider PMC's cross-appeal point of error concerning the judgment notwithstanding the verdict in favor of Pines on the fraud issue.

The scope and standard for appellate review of venue determinations differ from those by which the trial court is governed.[3] A trial court determines venue questions from the pleadings and affidavits. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (Vernon 1986). In ruling on a motion to transfer venue, the trial court is required to take as true those facts of which the plaintiff makes prima facie proof. TEX.R.CIV.P. 87; *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex.1993). PMC's pleadings stated a fraud cause of action against Hart, and PMC provided further prima facie proof that Hart was a nonresident of Texas and that PMC was a resident of Dallas County. Appellants acknowledge that the trial court had no choice but to deny their motion to transfer venue based upon PMC's prima facie proof.

In deciding whether the trial court properly determined venue, the scope of review for an appellate court is to consider the entire record. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b) (Vernon 1986) provides:

On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits.

The supreme court in *Ruiz v. Conoco, Inc.*, supra at 758 emphasized that the appellate court must conduct an "independent review" of the entire record to determine whether venue was proper in the ultimate county of suit. In the words of the *Ruiz* court:

This review should be conducted like any other review of a trial court's fact findings and legal rulings, except that the evidence need not be reviewed for factual sufficiency. If there is probative evidence to support the trial court's determination, even if the preponderance of the evidence is to the contrary, we

1. Section 15.061 was repealed in 1995, subsequent to the venue hearing in this case. See now TEX. CIV. PRAC. & REM. CODE ANN. § 15.005 (Vernon Supp.1999).

2. Appellants re-urged their motion to transfer venue after the trial court granted summary judgment for Hart, but the court refused to hear the motion.

3. *Kansas City Southern Railway Company. v. Carter*, 778 S.W.2d 911, 915 (Tex.App.—Texarkana 1989, writ den'd); *Texas City Refining, Inc. v. Conoco, Inc.*, 767 S.W.2d 183, 185 (Tex.App.—Houston [14th Dist.] 1989, writ den'd).

believe the appellate court should defer to the trial court.

The *Ruiz* opinion also noted that an appellate court must reverse if other evidence in the record destroys the prima facie proof on which the trial court relied. *Ruiz v. Conoco, Inc.*, supra at 757.

The record in this case reflects that there is no probative evidence to support the trial court's venue determination. The trial court granted Hart's motion for summary judgment. A summary judgment may only be granted if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). PMC did not appeal from the summary judgment, and Hart's summary judgment is now res judicata.

 A summary judgment is a final judgment on the merits that bars relitigation of the case. *Fite v. King*, 718 S.W.2d 345, 347 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Because Hart's summary judgment is res judicata, relitigation of any claims which PMC might have arising out of the same subject matter of this lawsuit and which could have been litigated in this case is precluded. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). We are bound by the trial court's judgment that there was no genuine issue of material fact and that Hart was entitled to judgment as a matter of law. The record reflects that the sole basis for the trial court's venue determination was PMC's pleading of a fraud cause of action against Hart. The summary judgment is conclusive that there was no probative evidence to support PMC's choice of venue.

Looking at the entire record, including the summary judgment in favor of Hart, we conclude that Hart was not a proper defendant in the trial. *ACF Industries, Inc. v. Carter*, 903 S.W.2d 423 (Tex.App.—Texarkana 1995, writ dism'd by agr.); see *Acker v. Denton Publishing Company*, 937 S.W.2d 111, 117 (Tex.App.—Fort Worth 1996, no writ). Therefore, venue in Dallas County was improper.

We reverse and remand the cause for a new trial in Harris County as requested by appellants.