COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-155-CV

 

 

CAPROCK INVESTMENT CORP.                                             APPELLANT

 

                                                   V.

 

MONTGOMERY FIRST CORP.                                                   APPELLEE

 

                                              ------------

 

              FROM
THE 90TH DISTRICT COURT OF YOUNG COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                            Introduction

Appellant Caprock Investment
Corp. (ACaprock@) appeals a
traditional summary judgment granted in favor of Appellee Montgomery First
Corporation (AMFC@).  We affirm.

 








                                Factual and Procedural History

On December 30, 1987, Elton
Montgomery, Vernon Stevens, Tom Griffin, Charles Cook, and Al Jonietz signed a
promissory note in the amount of $180,000 payable to Texas Bank and Trust, Co.
(ATB&T@).  The note was given for the purchase of oil,
gas, and mineral interests in New Mexico and Oklahoma by MFC and others.  As security for the note, MFC, Stevens,
Griffin, Cook, and Jonietz executed deeds of trust on the properties. 

After several months of
nonpayment, TB&T sued the makers of the note in Nolan County on May 10,
1989 (the ANolan County
suit@). TB&T also sued MFC although it was not a maker on the
note.  TB&T sought:

1)                 
reformation of the deeds of trust, 

 

2)                 
judicial foreclosure of the liens, 

 

3)                 
possession of the collateral based upon the alleged
failure of the defendants to maintain the leases or properly operate the oil
and gas equipment, and

 

4)                 
recovery of the amount due on the note.

 








On June 5, 1989, TB&T obtained a temporary
injunction in the Nolan County suit against the defendants, preventing them
from removing or selling equipment on the land, spending or concealing oil and
gas revenues, or interfering with TB&T=s
right to take possession of the land.  On
July 27, 1989, TB&T failed, and its assets were transferred to the Federal
Deposit Insurance Corporation (AFDIC@), as liquidator of the bank.

            On June 1, 1989, Al Jonietz, one of the makers of the note
and a defendant in the TB&T case, filed for bankruptcy.  Jonietz submitted a Chapter 13 Plan Summary
and a Modified Chapter 13 Plan and Motion For Valuation (the APlan@).  With regard to the note at issue, the Plan
provided that the claim Ashall
be satisfied as >SECURED= to the extent of the VALUE of the
collateral as shown, by the SURRENDER of the collateral by the Debtor.@ 
The oil and gas leases were valued at $180,000 under the Plan.  The then-current holder of the note, the
FDIC, was notified of the Plan but did not object.  The Plan was confirmed by order of the
bankruptcy court and entered on December 4, 1989. The FDIC did not appeal or
object to the order.  Control of the
collateral was surrendered to the FDIC by virtue of the Order confirming the
Plan.  On December 9, 1989, the FDIC
filed its proof of claim in the bankruptcy court for $154,349.16 in principal
and $10,366.28 in interest on the note, less than the value of the collateral
as determined by the Plan. 








The FDIC as receiver of TB&T was substituted
as a plaintiff in the Nolan County suit. In 1992, Caprock purchased the note
from the FDIC and filed a notice of intent to substitute itself as plaintiff as
owner of the note for its predecessors, the FDIC and TB&T.  Caprock filed an amended petition in the
Nolan County Suit as a substitute plaintiff. 


On February 28, 1994, the trial court struck
Caprock=s
pleadings as a substituted plaintiff on the ground that Caprock failed to
establish its chain of title to the note. 
Elton Montgomery and Vernon Stevens filed motions for summary judgment
against the FDIC, which the trial court granted.  MFC also filed a motion for summary judgment,
contending that surrender of the collateral to the control of the FDIC pursuant
to the order confirming the Plan in the bankruptcy proceeding of Jonietz
discharged and satisfied MFC=s
liability on the note.  The court granted
MFC=s motion on December 9, 1996. 








Caprock appealed the order striking it as a
substitute plaintiff as well as the summary judgments granted to Montgomery and
Stevens; however, Caprock did not appeal the summary judgment in favor of
MFC.  See Caprock Inv. Corp. v.
Fed. Deposit Ins. Corp., 17 S.W.3d 707 (Tex. App.CEastland
2000, pet. denied) (ACaprock
I@).  The Eastland Court of Appeals held that the
trial court erred in striking Caprock as a substituted plaintiff.  Id. at 711.  The court of appeals also reversed the
summary judgments in favor of Stevens and Montgomery, holding that neither of
them had proven as a matter of law that their debt was discharged by the Order
confirming the Plan in the Jonietz bankruptcy because the bankruptcy discharge
applied only to Jonietz=s
liability on the note, not that of co-makers. 
Id. at 714.  The court of
appeals remanded the cause to the trial court.

On remand, having been reinstated as substituted
plaintiff, Caprock amended its pleadings to assert only a claim on the note and
not for foreclosure, and moved for summary judgment against MFC, Montgomery,
and Stevens as co-makers on the note. 
This time the Nolan County trial court granted Caprock=s motions.  MFC and Montgomery appealed; Stevens did
not.  See Montgomery First Corp. v.
Caprock Inv. Corp., 89 S.W.3d 179, 181 (Tex. App.CEastland
2002, no pet.) (ACaprock
II@).  On the second appeal, the Eastland Court of
Appeals reversed Caprock=s
summary judgments against MFC and Montgomery. 
Id. Because Caprock had not appealed the summary judgment in
favor of MFC in the first appeal, the court of appeals held, that prior summary
judgment in favor of MFC was a final judgment on the merits of the claims
asserted by Caprock to which Caprock was bound.  The court of appeals thus held that
Caprock=s summary
judgment against MFC was improper because Caprock=s
claim against MFC was barred by res judicata as a matter of law.  Id. at 185.[2]   








In September 2003, Caprock filed a new suit based
on the same debt in Young County against Cook, Stevens, Griffin, and MFC.  In the new suit, Caprock sought:

1)                 
judicial foreclosure on the deeds of trust, 

 

2)                 
damages for breach of contract on the deeds of trust
for failing to maintain the oil and gas properties and/or committing waste, and

 

3)                 
the amount of principal and interest due under the note
in excess of what could be obtained through foreclosure.

 

MFC moved for summary judgment in the Young County
suit on the grounds of res judicata and collateral estoppel as well as the
ground that the note was satisfied and Apaid@ by virtue of the confirmation,
valuation, and surrender of the collateral to the FDIC in the Jonietz
bankruptcy.  The Young County trial court
granted MFC=s motion
for summary judgment on all three grounds and severed the summary judgment from
the remainder of the suit, making it final and appealable.  Caprock complains in this appeal of that
summary judgment in favor of MFC.

                                                                     Discussion








In reviewing a traditional summary judgment, the
issue on appeal is whether the movant met its summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts as to the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215; Sci. Spectrum Inc. v. Martinez, 941 S.W.2d
910, 911 (Tex. 1997); Great Am. Reserve Ins. Co. v. San Antonio Plumbing
Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). 
Therefore, we must view the evidence and its reasonable inferences in
the light most favorable to the nonmovant. 
Great Am., 391 S.W.2d at 47.

In deciding whether there is a material fact issue
precluding summary judgment, all conflicts in the evidence are disregarded and
the evidence favorable to the nonmovant is accepted as true.  Hartwell v. State Farm Mut. Auto Ins. Co.,
896 S.W.2d 170, 173 (Tex. 1995). 
Evidence that favors the movant=s
position will not be considered unless it is uncontroverted.  Great Am., 391 S.W.2d at 47.








A defendant is entitled to summary judgment on an
affirmative defense if the defendant conclusively established all of the
elements of that defense.  Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).  The defendant in such a case has the burden
to establish each element of the affirmative defense as a matter of law.  Ryland Group, Inc. v. Hood, 924 S.W.2d
120, 121 (Tex. 1996).  When the trial
court=s
judgment rests upon more than one independent ground or defense, the summary
judgment will be affirmed on appeal if any of the grounds ruled upon or
presented to the trial court is meritorious. 
Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex.
1996) (holding even grounds raised but not ruled upon may be considered as
basis to uphold summary judgment in interest of judicial economy); Keo v.
Vu, 76 S.W.3d 725, 730 (Tex. App.CHouston
2003, pet. denied) (holding appellate court will affirm summary judgment if one
ground is meritorious).

                                                                   Res
Judicata








Caprock=s
first issue attacks the summary judgment rendered in favor of MFC in this suit
on the ground that the prior summary judgment in favor of MFC in the Nolan
County suit is res judicata as to Caprock=s
claims.  It is uncontroverted that
Caprock did not appeal the prior summary judgment in favor of MFC in the Nolan
County suit.  Caprock I, 17 S.W.3d
at 708; Caprock II, 89 S.W.3d at 186. 
A summary judgment is a final judgment on the merits and if not appealed
can be res judicata.  Pines of
Westbury, Ltd. v. Paul Michael Const., Inc., 993 S.W.2d 291, 294 (Tex. App.CEastland 1999, pet. denied). The
doctrine of res judicata, or claim preclusion, prevents relitigation of
a claim or cause of action that has been finally adjudicated, as well as
related matters that with the use of diligence should have been litigated in
the prior suit.  State and County Mut.
Fire Ins. Co. v. Miller, 52 S.W.3d 693, 696 (Tex. 2001); Barr v.
Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992).  

The elements of res judicata are 1) a prior final
judgment on the merits by a court of competent jurisdiction, 2) identity of the
parties or those in privity with them, and 3) a second action based on the same
claims as were raised or that could have been raised in the first action.  Amstadt v. U.S. Brass Corp., 919
S.W.2d 644, 652 (Tex. 1996); Barr, 837 S.W.2d at 631 (holding that a
subsequent suit will be barred if it arises out of the same subject matter as a
previous suit and through the exercise of diligence could have been litigated
in the previous suit).  








Texas follows the Atransactional@ approach to res judicata, which
requires an analysis of the factual matters that make up the gist of the
complaint, without regard to the form of the action, similar to the rule of
compulsory counterclaims for any claim that Aarises
out of the transaction or occurrence that is the subject matter of the opposing
party=s claim.@ 
Barr, 837 S.W.2d at 630 (quoting Tex. R. Civ. P. 97). 
The determination is made pragmatically, Agiving
weight to such considerations as to whether the facts are related in time,
space, origin, or motivation, whether they form a convenient trial unit, and
whether their treatment as a trial unit conforms to the parties= expectations.  Barr, 837 S.W.2d at 630 (quoting from ' 24(1) of the Restatement of Judgments).  

Parties can be in privity in at least three
ways:  (1) if they control an action even
if they are not parties to it; (2) if their interests are represented by one
who is a party to the action; or (3) if they are successors in interest,
deriving their claims through a party to the prior action.   Amstadt, 919 S.W.2d at 653; Getty
Oil Co. v. Ins. Co. of N. Am., 845 S.W.2d 794, 800-01 (Tex. 1992), cert.
denied, 510 U.S. 820 (1993).  It is
uncontroverted that Caprock is in privity with TB&T and the FDIC as the
current holder of the note.   








Caprock first argues that res judicata does not
bar its claims in this case because its claims in this case are based on the
deed of trust and are not the same as the claim it asserted in the Nolan County
suit, which was based solely on the note. 
Therefore, Caprock asserts that the two suits concern different subject
matter.  We disagree.  The prior summary judgment in favor of MFC
was not rendered against Caprock on its claim on the note but against its
predecessor, the FDIC as Receivor for TB&T, which remained as plaintiff
after Caprock was struck as substituted plaintiff in the suit.  In the Nolan County suit, TB&T[3]
alleged that MFC (and the other defendants) defaulted on the note and wasted
the collateral and sought to reform the deed of trust, foreclose its liens, take
possession of the collateral, and recover the amount due on the note.  It was those claims that formed the basis for
the prior summary judgment in favor of MFC. 
In this suit, Caprock alleged that MFC (and the other defendants)
defaulted on the note and wasted the collateral and sought to foreclose on the
deed of trust, damages for waste, and the amount due on the note.  Both the claims and the remedies are
essentially the same. 








Second, Caprock contends, and we agree, that a
judgment on a suit may not operate as res judicata to a subsequent suit if, in
the interval, facts have changed or new facts have occurred which alter the
legal rights of the parties.  Martin
v. Martin, Martin, & Richards, Inc., 989 S.W.2d 357, 358 (Tex.
1998).  However, the Anew@
or Achanged@
facts alleged by Caprock are neither new nor changed.  Caprock argues that it did not know about the
alleged waste until it obtained an April 1989 letter written by Elton
Montgomery to Al Jonietz that detailed his concerns about waste on the oil and
gas leases.  Caprock contends that MFC
withheld this letter from it until November 2003 despite appropriate discovery
requests in the Nolan County suit.  In
the letter, Montgomery expressed his displeasure over the abandonment of some
wells, the failure to pay operating costs, and the failure to secure certain
wellhead property. 

The record belies Caprock=s
contention.  The summary judgment
evidence shows that Caprock deposed Montgomery in the Nolan County suit in 1993
and asked him specifically whether the oil and gas leases had been neglected to
the point that there was little or no production from them.  Montgomery testified that he had heard that
production on some leases was marginal, that other leases had been completely
abandoned, and that equipment that could have been salvaged for forty to fifty
thousand dollars in 1989 or 1990 was worthless by 1993.  Montgomery=s
deposition put Caprock on notice of the existence and general extent of the
alleged waste as early as 1993.  Thus,
the Anew@ facts were known at a time when they
could have been litigated in the prior suit. 
We hold that Montgomery=s
1989 letter, even if it was wrongfully withheld from discovery in the Nolan
County suit, does not reflect new or changed facts that would defeat the res
judicata bar.  We therefore hold that the
trial court did not err by granting summary judgment on the basis of res
judicata.  We overrule Caprock=s first issue.

 








                                                                     Conclusion

Because we hold that the trial court did not err
in granting MFC=s motion
for summary judgment on the basis of res judicata, we need not consider Caprock=s remaining issues.  See Tex. R. App. P. 47.1.  We affirm the trial court=s judgment.  See Tex. R. App. P. 43.2(a).

 

PER CURIAM

 

PANEL F:    GARDNER, HOLMAN, and WALKER, JJ.

 

DELIVERED:  November 23, 2005











[1]See Tex. R. App. P. 47.4.





[2]The
summary judgment against Montgomery was held to be improper because Caprock
failed to meet its summary judgment burden as to the amount due on the
note.  Id. at 186.  The case was again remanded as to Montgomery
and remains pending in Nolan County.





[3]Caprock
filed an amended petition when it intervened in the Nolan County suit, but the
trial court struck that pleading on the same day it granted Montgomery=s and
Steven=s
motions for summary judgment.  Thus, the
live pleading before the trial court when it granted MFC=s
motion for summary judgment was TB&T=s original petition.