**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00304-CV**
_____

**UNITED PARCEL SERVICE, INC. AND BRYON KEITH BISOR,**
**Appellants**

**V.**

**ALLEN NORRIS, DELORIS NORRIS, AND FABIAN DARRELL**
**WILLIAMS, Appellees**

**On Appeal from the 58th District Court**
**Jefferson County, Texas**
**Trial Cause No. A-201,842**

**OPINION**

Appellants, United Parcel Service, Inc. (UPS) and Byron K. Bisor (Bisor) appeal the trial court's judgment in favor of Appellees, Fabian Darrell Williams (Williams) and Allen and Deloris Norris (the Norrises). On appeal, UPS raises four issues, including challenging the trial court's denial of UPS's motion to transfer venue in a multi-plaintiff lawsuit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003;

1

Tex. R. Civ. P. 87.[1] Other issues raised by Appellants concern the trial court's denial of Appellants' jury demand, allowing Appellees' non-retained testifying experts to testify without prior disclosure and a complaint that the evidence was legally and factually insufficient to support the trial court's award of certain damages.

Because we conclude that venue was not proper in the county of suit and would have been proper in Harris County, the county to which UPS and Bisor sought transfer, we reverse the trial court's judgment, order it set aside and remand the case to the trial court with instructions to transfer the case to Harris County, Texas, for a new trial. Additionally, because we determine that venue was not proper in Jefferson County, we need not consider the other points raised by appellants on appeal. *See* Tex. R. App. P. 47.1.

**Background**

In March 2018, due to a traffic incident on the highway ahead of him, Gregorio Flores was stopped in his vehicle in an eastbound lane of Interstate 10 in Louisiana. Williams and Allen Norris, traveling in separate vehicles, were stopped in the eastbound lane behind Flores. Byron Bisor was driving a UPS 18-wheeler

---

[1] The plaintiff gets the first choice of venue by filing suit. *In re Masonite Corp.,* 997 S.W.2d 194, 197 (Tex. 1999). A defendant may challenge that venue selection, and a court must "transfer an action to another county of proper venue if . . . the county in which the action is pending is not a proper county." Tex. Civ. Prac. & Rem. Code § 15.063(1); *see* Tex. R. Civ. P. 87 (procedures for filing motions to transfer venue).

2

tractor rig eastbound on Interstate 10 and when his rig approached the stopped vehicles ahead of him, Bisor failed to notice traffic stopped in front of him in time to apply his brakes and stop. Bisor struck at least two vehicles in front of him, including those of Allen Norris and Williams, causing a chain reaction involving multiple vehicles. The impact from the UPS tractor-trailer rig driven by Bisor pushed Williams's vehicle into Flores's vehicle.

Flores sued UPS, Bisor, and Williams in Jefferson County, Texas, claiming their negligence contributed to or caused the accident and was the "proximate cause of the resulting damages and injuries suffered to and by the Plaintiff."[2] Flores alleged, in part, that Williams was a resident of Jefferson County at the time of the accident and that his negligence, failing to maintain a safe distance behind the Flores vehicle, was a proximate cause of the accident. UPS and Bisor filed a Motion to Transfer Venue to Harris County, where Bisor resided when the accident occurred, together with their answer and jury trial demand.

Williams answered the Flores suit and filed his own cross-action against UPS and Bisor for negligence. Williams pleaded no independent venue facts, other than to repeat that venue was proper in Jefferson County because of his residency there.

---

[2] Flores, Williams and the Norrises alleged that UPS was responsible for Bisor's negligence under the doctrine of respondent superior because he was employed by UPS and acted in the course and scope of his employment when the accident occurred.

UPS scheduled a hearing on the Motion to Transfer Venue, providing the parties in the lawsuit at the time at least forty-five days' notice of the hearing. After the notice of hearing was sent out but before the scheduled hearing, the Norrises intervened in the Flores suit also asserting negligence claims against UPS and Bisor. The Norrises did not plead any independent venue facts. Thereafter, UPS and Bisor again objected to venue in Jefferson County and sought to transfer the case to Harris County, where Bisor resided, and UPS requested a jury trial. In the motion to transfer venue, UPS and Bisor asserted that pursuant to Texas Civil Practice and Remedies Code section 15.003, the Norrises, as intervenors, had not established proper venue in Jefferson County independent of Flores or Williams. Prior to the hearing, Flores and Williams each filed a response to the motion to transfer venue. The trial court denied the motion to transfer venue.

On March 7, 2019, sixty-seven days prior to trial, the trial court signed a partial summary judgment finding Bisor's negligence was the sole cause of the accident and finding that no negligence on the part of any other person or entity caused or contributed to the crash. Thereafter, at a pretrial conference on May 9, 2019, the trial court ruled that UPS had failed to timely pay the jury fee, and the case was then tried in a bench trial to the court. The trial court entered a judgment finding Bisor was negligent and solely responsible for causing the accident and the trial court

4

awarded damages to the Norrises and Williams.[3] The trial court filed separate Findings of Fact and Conclusions of Law. UPS and Bisor timely appealed.

## Venue Issues

The issue before us is not whether the trial court erred when it determined the motion to transfer venue at the venue hearing. Instead, we must decide: (1) whether venue was proper in the county of suit; and (2) whether venue would have been proper in the county to which the moving defendant sought transfer, based on a review of the entire record. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b); Dan R. Price, *New Texas Venue Statute: Legislative History*, 15 ST. MARY'S L.J. 855, 878 (1984).

## Standard of Review

In reviewing venue, an appellate court conducts an independent review of the entire record to determine whether any probative evidence supports the trial court's venue decision. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b); *Wilson v. Tex. Parks & Wildlife Dept.*, 886 S.W.2d 259, 261–62 (Tex. 1994); *Ruiz v. Conoco*, 868 S.W.2d 752, 757–58 (Tex. 1993). We review the record in the light most favorable to the trial court's venue ruling, but we do not give deference to the trial court's

---

[3] On the first day of trial, the parties announced Flores's claims against UPS and Bisor had been resolved. After the judgment was signed, Flores filed a notice wherein he nonsuited his claims against UPS and Bisor and nonsuited his claims against Williams. Flores is not a party to this appeal.

application of the law. *KW Constr. v. Stephens & Sons Concrete Contractors, Inc.*, 165 S.W.3d 874, 879 (Tex. App.—Texarkana 2005, pet. denied); *see also Ruiz*, 868 S.W.2d at 757–58. If probative evidence supports venue in the county of suit, then we will affirm the trial court's ruling, otherwise we will reverse the ruling. *See Ruiz*, 868 S.W.2d at 758.

> In *Ruiz v. Conoco*, the Texas Supreme Court explained,
>
> In deciding a motion to transfer venue, the trial court is required by Rule 87, Tex. R. Civ. P., to take as true those facts of which prima facie proof is made by the party with the burden of such proof; yet in reviewing the trial court's decision, an appellate court must reverse (there cannot be harmless error) if other evidence in the record, even evidence adduced after venue was determined, destroys the prima facie proof on which the trial court relied. . . . If there is any probative evidence in the entire record, including trial on the merits, then venue was proper in the county where judgment was rendered, the appellate court must uphold the trial court's determination. If there is no such evidence, the judgment must be reversed, and the case remanded to the trial court.

868 S.W.2d at 757–58.

It is undisputed that no mandatory venue provision governs this case. When there is no mandatory venue, then the general venue rule applies. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002. Under the general venue rule, a suit must be brought in one of the following counties: (1) in the county where all or a substantial part of the events giving rise to the claim occurred; (2) in the county of the defendant's residence when the cause of action accrued, if the defendant is a natural person; (3) in the county of the defendant's principal office in Texas, if the defendant is not a

natural person; or (4) in the county where the plaintiff resided when the action accrued if none of the other provisions apply. *Id*. § 15.002(a).

Because this case involves multiple plaintiffs, each plaintiff, independent of the other, must establish proper venue. *See id.* § 15.003(a). We evaluate Williams's and the Norrises' allegations below to determine whether each independently established proper venue in Jefferson County.[4]

**Analysis**

UPS maintains that neither Williams nor the Norrises established venue would be proper in Jefferson County. At the time UPS and Bisor filed their initial motion to transfer venue, the sole basis for placing venue in Jefferson County was Gregorio Flores's allegation that Defendant Fabian Williams was negligent and that his

---

[4] We note that Texas Civil Practice and Remedies Code section 15.003(b) provides an exception to Texas Rule of Civil Procedure 87(6)'s general ban on interlocutory appeals regarding venue in suits with multiple plaintiffs. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a)–(b); Tex. R. Civ. Proc. 87(6). Section 15.003(b) permits an interlocutory appeal from venue determination, but the interlocutory appeal is not mandatory and does not preclude our review of this issue on appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(b) (emphasis added) ("An interlocutory appeal *may* be taken of a trial court's determination under Subsection (a) that: (1) a plaintiff did or did not independently establish proper venue; or (2) a plaintiff that did not independently establish proper venue did or did not establish the items prescribed by Subsections (a)(1)-(4)"); *see also Basic Energy Servs. GP, L.L.C. v. Gomez*, 398 S.W.3d 734, 737 (Tex. App.—San Antonio 2010, order) (per curiam), *disp. on merits*, No. 04-10-00128-CV, 2010 WL 4817053 (Tex. App.—San Antonio Nov. 24, 2010, pet. denied) (mem. op.) (emphasis added) (noting that rule 15.003(b)–(c) *permits* a party to file an interlocutory appeal regarding venue in a multi plaintiff suit).

7

actions caused or contributed to the multi-vehicle accident. *See id.* § 15.002(a)(2). Flores alleged that Williams resided in Jefferson County, Texas, at the time of the accident.

Flores alleged that Bisor and Williams failed to: keep a proper lookout maintained by a person of ordinary prudence; maintain speed and be attentive; maintain control and a clear distance; and timely apply their brakes to avoid a collision. In response to Flores's claims, UPS and Bisor filed a Motion to Transfer Venue and Original Answer Subject to Their Motion to Transfer Venue. In its Motion to Transfer Venue, UPS and Bisor argued that mandatory venue rules did not apply, and that the general venue provisions controlled and that venue in Jefferson County was based on a fraudulent pleading, because "Williams safely came to a stop prior to the accident[,] . . . [a]t no point did Defendant Williams act negligently in any fashion[.]"

In July of 2018, Williams filed an Original Answer to Flores's petition and Cross-Action against UPS and Bisor, alleging that venue "is likewise proper in [Jefferson County] pursuant to Tex. Civ. Prac. & Rem. Code § 15.001 et seq. and related venue provisions." Williams stated that venue is proper because "Cross-Plaintiff/Defendant is a resident citizen of Jefferson County[.]" The same month, the Norrises filed Intervenor Plaintiffs' Original Petition alleging that venue is "proper

in [Jefferson County] pursuant to Tex. Civ. Prac. & Rem. Code § 15.001 et seq. and related venue provisions."

In January 2019, Williams and the Norrises filed Intervenor Plaintiffs' and Cross-Plaintiff/Defendant's Joint Motion for Partial Summary Judgment, requesting that the trial court grant a partial summary judgment finding

> the negligence of defendant-driver, BYRON K. BISOR, proximately caused this crash, (2) BISOR was, at the time of the crash, in the course and scope of his employment of defendant-UNITED PARCEL SERVICE, INC., and (3) no negligence on the part of any other person or entity caused or contributed to this crash.

In March 2019, the trial court granted the motion for partial summary judgment, ruling that

> the Motion for Partial Summary Judgment is GRANTED that (l) the negligence of defendant-driver, BYRON K. BISOR, proximately caused this crash, (2) BISOR was, at the time of the crash, in the course and scope of his employment of defendant-UNITED PARCEL SERVICE, INC., and (3) no negligence on the part of any other person or entity caused or contributed to this crash.

Williams and the Norrises proceeded to a bench trial on their claims against UPS and Bisor, and the trial court awarded damages to both Williams and the Norrises against UPS in its final judgment.

In a multi plaintiff lawsuit, if a plaintiff fails to independently establish proper venue, that plaintiff's part of the suit, including all of that plaintiff's claims and causes of action, must be transferred to a county of proper venue or dismissed. *Id*. § 15.003(a). The plaintiff can avoid transfer or dismissal by demonstrating that:

9

(1) joinder of that plaintiff or intervention in the suit by that plaintiff is proper under the Texas Rules of Civil Procedure;

(2) maintaining venue as to that plaintiff in the county of suit does not unfairly prejudice another party to the suit;

(3) there is an essential need to have that plaintiff's claim tried in the county in which the suit is pending; and

(4) the county in which the suit is pending is a fair and convenient venue for that plaintiff and all persons against whom the suit is brought.

*Id*. The appellate court must "determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard[.]" *Id*. § 15.003(c)(1).

Our analysis of the venue questions encompasses a unique standard of review. The Amarillo Court of Appeals, discussed the "unusual standard" of review in this context, as follows:

> The appropriate standard of review for a venue determination is that set out in section 15.064(b), which provides, "[i]n determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits." Thus, under this somewhat unusual standard, evidence adduced at the trial on the merits can show that the prima facie proof supporting venue was misleading or simply wrong.

*Huerta v. Caddell*, 07-99-0197-CV, 2000 WL 245503, at *3 (Tex. App.—Amarillo Mar. 3, 2000, pet. denied) (quoting *Ruiz*, 868 S.W.2d at 757).

Section 15.064(b) permits appellate courts to examine the record for evidence of a valid claim. Should the court of appeals determine there was no evidence of a

valid venue claim, or no evidence of a valid claim against the venue defendant, the court must reverse the judgment on the ground that venue was improper. In *Pines of Westbury, Ltd. v. Paul Michael Constr., Inc.*, for example, the trial court denied a motion to transfer venue, but later granted a motion for summary judgment in favor of the venue defendant. 993 S.W.2d 291, 293 (Tex. App.—Eastland 1999, pet. denied). Considering the "entire record, including the summary judgment" for the resident defendant, the court in *Pines of Westbury* concluded that because the plaintiff failed to produce legally sufficient evidence of a valid cause of action against the venue defendant, venue was improper, and the judgment against the remaining defendants had to be reversed. *See id.* at 294. Likewise, in *ACF Indus., Inc. v. Carter*, the trial court denied a motion to transfer venue but later granted a motion for directed verdict as to the venue defendant. 903 S.W.2d 423, 424 (Tex. App.—Texarkana 1995, writ dism'd by agr.). Thereafter, a judgment was rendered by the trial court against the remaining defendants. On appeal, the Texarkana Court of Appeals reversed the judgment and concluded that because there was legally insufficient evidence of a remaining valid claim against the venue defendant, the judgment had to be reversed on the ground of improper venue. *See id.*

At trial, Flores offered no evidence to establish venue in Jefferson County. The only factual allegation that contained a basis for venue in Jefferson County was Flores's allegation that Williams resided in Jefferson County at the time of the

11

accident. Williams and the Norrises both alleged the same venue evidence as Flores. Later, the trial court granted Williams's and the Norrises' partial motion for summary judgment finding the accident was solely attributable to Bisor's negligence, while in the course and scope of his employment with UPS. The partial summary judgment removed any negligence claims of Flores against Williams in the accident. Because the Norrises' and Williams's pleadings relied on venue allegations that Flores made against Williams, when the trial court granted partial summary judgment finding that Bisor and UPS were solely at fault for the accident, the plaintiffs could no longer rely upon the allegations against Williams as a venue defendant. Upon granting the partial summary judgment which concluded Bisor's negligence was the sole cause of the accident, it "destroy[ed] the prima facie proof on which the trial court relied" to deny the motion to transfer venue. *Ruiz*, 868 S.W.2d at 757. Neither Williams nor the Norrises alleged or argued any of the necessary statutory factors to establish their right to remain in the Jefferson County litigation, in the event that they could not independently establish proper venue. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a). We find no probative evidence in the record, including the trial on the merits, of any act of negligence on the part of Williams that caused or contributed to the accident nor is there evidence demonstrating that venue of Williams's claims or the Norrises claim against UPS and Bisor was proper in Jefferson County. *Ruiz*, 868 S.W.2d at 758. Williams and

the Norrises failed to produce probative evidence to satisfy their burden under sections 15.002 and 15.003. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 15.002, 15.003; *Ruiz,* 868 S.W.2d at 757–58.

While the trial court may have concluded that there was an allegation by Flores against Williams that demonstrated venue may be proper in Jefferson County at the time of the venue hearing, the evidence in the record along with later rulings by the trial court made after the initial venue hearing, destroyed the prima facie basis for the trial court's denial of the motion to transfer venue. We conclude that there is no probative evidence in the entire record, including trial on the merits, that would establish venue was proper in Jefferson County where the judgment was rendered, and the case must be reversed and remanded to the trial court. *See Ruiz*, 868 S.W.2d at 757–58 ("[A]n appellate court is obliged to conduct an independent review of the entire record to determine whether venue was proper in the ultimate county of suit."); *Bleeker v. Villarreal*, 941 S.W.2d 163, 167 (Tex. App.—Corpus Christi 1996, writ dism'd by agr.) ("[T]his unusual standard of review can result in an appellate court reversing a trial court's judgment based on a venue ruling that was correctly decided at the venue hearing."). UPS and Bisor submitted competent prima facie evidence that, at the time of the accident, Bisor was a resident of Harris County, Texas. Accordingly, the trial court must transfer the case to Harris County, Texas, as Bisor's county of residence when the cause of action accrued. *See* Tex. Civ. Prac. & Rem.

13

Code Ann. §§ 15.002(a)(3) ("[I]n the county of defendant's residence at the time the cause of action accrued if defendant is a natural person"); 15.064(b) ("On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error."); *see also Ruiz*, 868 S.W.2d at 757 ("in reviewing the trial court's decision, an appellate court must reverse (there cannot be harmless error) if other evidence in the record, even evidence adduced after venue was determined, destroys the prima facie proof on which the trial court relied.").

**Waiver**

Appellees contend that Appellants waived any complaint regarding improper venue as they never sought or secured a venue ruling from the trial court as to the specific claims that Williams and the Norrises made against UPS. Appellees argue that Appellants should have pursued another motion to transfer venue after the initial hearing and denial of their motion to transfer venue and by failing to do so, they waived their objections to venue. We disagree.

The Texas Supreme Court rejected a similar argument on mandamus review in *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259–60 (Tex. 2008). There, the Court examined whether "a plaintiff who was denied his initial venue of choice can nonsuit his case in the transferee county and refile in a third county." *Id.* at 258. The supreme court concluded that once a ruling is made on venue, that decision cannot be artfully set aside by a plaintiff who chooses to nonsuit and refile the claim. *See id.* at 260.

14

The rule provides for one venue determination to be made in a proceeding and Texas Rule of Civil Procedure 87 specifically prohibits changes in venue after the initial venue ruling. *Id*. Notably, Rule 87(5) also states that "if an action has been transferred to a proper county in response to a motion to transfer, then no further motions to transfer shall be considered." *See also In re Hardwick*, 426 S.W.3d 151, 157 (Tex. App.—Houston [1st Dist.] no pet.) (citations omitted) ("Thus, unless one of the exceptions in Rule 87(5) applies, only one venue determination may be made in a proceeding and changes in venue after the initial venue ruling are prohibited. If the trial court initially denies a motion to transfer venue, a subsequent motion to transfer venue resulting in a different venue determination violates Rule 87(5), and the second determination is void.").

As we have previously noted, although section 15.003 allows for interlocutory appeal in multi plaintiff cases, an interlocutory appeal is not mandatory. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003. While the appellees rely heavily upon *UPS Ground Freight, Inc. v. Trotter*, 606 S.W.3d 781 (Tex. App.—Tyler 2020, pet. denied), we find that *Trotter* does not support their waiver argument. While *Trotter* acknowledged that interlocutory appeals may be permitted under section 15.003 in multi-plaintiff lawsuits as an exception to rule 87(6), *Trotter* did not determine that a party in a multi-plaintiff lawsuit waived their right to challenge venue by not utilizing section 15.003 to challenge venue as to other plaintiffs. *See Trotter*, 606

S.W.3d at 785-86; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 15.003; Tex. R. Civ. P. 87(5). Additionally, *Trotter* dealt with an interlocutory appeal whereas the case before us is an appeal following a trial on the merits.

## Conclusion

Accordingly, we reverse the trial court's judgment with respect to the Norrises' and Williams's claims against UPS and Bisor, and we remand the case to the trial court with instructions to transfer the claims to Harris County in accordance with this opinion for a new trial. Due to our resolution, we need not address UPS's other issues. *See* Tex. R. App. P. 47.1

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on June 17, 2021
Opinion Delivered September 30, 2021

Before Golemon, C.J., Kreger and Johnson, JJ.

16