

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00792-CV

Gregorio **PIMENTEL**,
Appellant

v.

**MAVERICK MAINTENANCE & SUPPLY, LLC**, Shon Looker, LLC,
and Shon Looker, Individually,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 23-10-00189-CVK
Honorable Russell Wilson, Judge Presiding

Opinion by:     H. Todd McCray, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                H. Todd McCray, Justice
                Velia J. Meza, Justice

Delivered and Filed: February 25, 2026

REVERSED AND REMANDED

    This appeal arises from a personal-injury case in which the trial court granted summary

judgment after the case was transferred from Harris County to Karnes County. Because Harris

County was a proper venue when suit was filed, we find that the Harris County court erred in

transferring the case to Karnes County based on an affirmative defense that was not established as

a matter of law. Accordingly, we vacate the Karnes County court's rulings and remand the case back to Harris County. *See* TEX. CIV. PRAC. & REM. CODE § 15.064(b).[1]

## BACKGROUND

Gregorio Pimentel sued Maverick Maintenance & Supply, LLC; Shon Looker, LLC; and Shon Looker, individually, in Harris County for injuries he sustained when a large tree limb fell on him while he was working on Looker's property in Karnes County. Pimentel asserted negligence, premises liability, gross negligence, and intentional tort claims against both Maverick and the Looker defendants. Pimentel also alleged that venue was proper in Harris County because Maverick Maintenance & Supply, LLC is a Texas limited liability company with its principal office in Harris County.

Defendants moved to transfer venue. They did not specifically contest Pimentel's venue allegations. In fact, all parties agreed that Maverick's principal office is in Harris County. Instead, the defendant's claimed that Maverick was an "improper defendant," arguing that Maverick could not anchor venue because the Texas Workers' Compensation Act barred the suit against it. The defendants based their assertion on the exclusive-remedy provision codified in section 408.001(a) of the Texas Labor Code. In response, Pimentel argued that workers' compensation exclusivity under section 408.001(a) is an affirmative defense that cannot be resolved in a venue proceeding. He further argued that his pleadings contained additional theories of liability that fall outside the exclusive-remedy bar. The Harris County court granted the defendants' motions and transferred venue to Karnes County, where summary judgment was granted in favor of the defendants.

---

[1] Pimentel challenges both the venue transfer and the rulings entered after the transfer. The venue determination is dispositive of whether the Karnes County court had authority to render those subsequent orders, and we therefore address venue as a threshold matter. *See* Tex. R. App. P. 47.1; *United Parcel Serv., Inc. v. Norris*, 635 S.W.3d 242, 244 (Tex. App.—Beaumont 2021, no pet.).

**VENUE AND STANDARD OF REVIEW**

Texas venue law recognizes that parties may choose among statutorily permissible counties in which to file suit. *See Fortenberry v. Great Divide Ins. Co.*, 664 S.W.3d 807, 811 (Tex. 2023) (citing *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994)). A plaintiff exercises that choice by filing suit in a county authorized by statute. *Id*. A defendant may challenge the plaintiff's initial venue choice through a motion to transfer venue that specifically denies the venue facts pleaded by the plaintiff. *Id.*; TEX. R. CIV. P. 87(2)(a). Where venue is properly challenged, the plaintiff bears the burden to present prima facie proof that venue is maintainable in the county of suit. *Id*. Venue determinations must be based on the facts existing at the time the cause of action accrued. TEX. CIV. PRAC. & REM. CODE § 15.006.

For venue purposes, courts take the plaintiff's pleadings at face value and do not require proof of the merits of a cause of action. *Estrada v. Legacy Home Health Agency, Inc.*, No, 04-23-01055-CV, 2025 WL 1119759, at *3 (Tex. App.—San Antonio Apr. 16, 2025, no pet.). In fact, courts are statutorily prohibited from deciding the merits of a claim or an affirmative defense in making a venue determination. TEX. CIV. PRAC. & REM. CODE § 15.064(a); TEX. R. CIV. P. 87(2)(b); *see Berton Land & Dev. Corp. v. Ryan Mtg. Investors*, 563 S.W.2d 811, 812 (Tex. 1978) (concluding affirmative defenses go to the merits of an action and are not relevant to venue); *General Motors Acceptance Corp. v. Howard*, 487 S.W.2d 708, 711 (Tex. 1972) (noting that "negativing the prima facie cause of action established by plaintiff does not negative the 'venue fact.' It simply does not affect venue"). Accordingly, all that is required of the plaintiff is to plead and prove facts sufficient to support venue in the county of suit. Where the plaintiff has done so, the cause "shall not be transferred but shall be retained in the county of suit." *Rosales v. H.E. Butt*

*Grocery Co.*, 905 S.W.2d 745, 747-48 (Tex. App.—San Antonio 1995, writ denied) (quoting TEX. R. CIV. P. 87(3)(c)).

When a venue determination is challenged on appeal from a final judgment, we review the decision under a de novo standard of review. *Ruiz v. Conoco, Inc.*; 868 S.W.2d 752, 757-58 (Tex. 1994). In conducting that review, we conduct an independent review of the entire record to determine whether venue was proper in the county of suit. TEX. CIV. PRAC. & REM. CODE § 15.064(b); *see Ford Motor Co. v. Miles,* 967 S.W.2d 377, 380 (Tex.1998); *Wilson*, 886 S.W.2d at 261; *Ruiz,* 868 S.W.2d at 758. We review the record in the light most favorable to the trial court's ruling, but do not defer to misapplication of the law. *Ford Motor Co. v. Aguiniga*, 9 S.W.3d 252, 257 (Tex. App.—San Antonio 1999, pet. denied). If venue was proper in the original county of suit, a transfer of venue is reversible error, even if venue would also have been proper in the county of transfer. *Wilson,* 886 S.W.2d at 262; *Acker v. Denton Pub. Co.*, 937 S.W.2d 111, 115 (Tex. App.—Fort Worth 1996, no writ).

**ANALYSIS**

Venue is proper in the county of a corporate defendant's principal office. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3). Once venue is proper as to one defendant, it is proper as to all defendants for claims arising out of the same transaction or occurrence. TEX. CIV. PRAC. & REM. CODE § 15.005. In this case, Pimentel pleaded and proved that Maverick Maintenance & Supply, LLC maintains its principal office in Harris County. Because Pimentel pleaded a valid statutory basis for venue, venue was fixed in Harris County unless Appellees specifically denied and negated that venue fact. TEX. R. CIV. P. 87(3)(c); *Wilson*, 886 S.W.2d at 261-62; *Rosales*, 905 S.W.2d at 750. They did not do so.

Instead, they based their motions on their allegation that Maverick was an "improper" defendant, urging the trial court to disregard Maverick as a venue anchor on the ground that the Workers' Compensation Act barred the claims against it. *See* TEX. LABOR CODE § 408.001(a). Appellees further claim that Maverick cannot anchor venue because even Pimentel's premises liability and intentional tort claims, although they fall outside of worker's compensation coverage, were not viable. In short, Appellees' assertion of venue in Karnes County was and is based on their contention that Pimentel had "no viable cause of action" against Maverick.

Appellees' argument required the trial court to resolve disputed merits questions—including course and scope of employment, coverage, and property ownership and control. Those questions required factual development and merits adjudication. Accordingly, they should have been raised and resolved through summary judgment or trial, not through a threshold procedural device such as a venue motion. *See* TEX. CIV. PRAC. & REM. CODE § 15.064(a); *Estrada*, 2025 WL 1119759, at *3; *Olivares v. Chevron Phillips Chem. Co., LP*, No. 05-22-00057-CV, 2023 WL 2494533, at *2 (Tex. App.—Dallas Mar. 14, 2023, no pet.). Venue determinations turn on venue facts, not on whether the plaintiff will ultimately prevail. TEX. R. CIV. P. 87(2)(b) (stating "[i]t shall not be necessary for a claimant to prove the merits of a cause of action, but the existence of a cause of action, when pleaded properly, shall be taken as established as alleged by the pleadings").

The fact that later proceedings established the absence of liability does not cure the error. Section 15.064(b) requires appellate courts to consider the entire record to determine whether venue was proper in the county of suit, not to retroactively validate a transfer that was erroneous when ordered. *See* TEX. CIV. PRAC. & REM. CODE § 15.064(b). A merits determination rendered after transfer cannot supply legal authority that the transferring court lacked at the time it ruled

and effectively deny the plaintiff's right to his choice of appropriate venue options. *See Moveforfree.com, Inc. v. David Hetrick, Inc.,* 288 S.W.3d 539, 542 (Tex. App.—Houston [14th Dist.] 2009, no pet.). "The ultimate goal in any venue transfer analysis is first to determine whether the plaintiff's choice was appropriate. If so, that choice must be upheld, even if the venue the defendant suggests would have also been appropriate if chosen by the plaintiff." *Id*.; *see Wilson*, 886 S.W.2d at 261; *Maranatha Temple, Inc. v. Enterprise Prod. Co.,* 833 S.W.2d 736, 741 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

The authorities on which Appellees rely do not compel a different result. In *ACF Industries, Inc. v. Carter,* 903 S.W.2d 423, 423 (Tex. App.—Texarkana 1995, writ dism'd) and *UPS v. Norris*, *United Parcel Serv., Inc. v. Norris*, 635 S.W.3d 242, 244 (Tex. App.—Beaumont 2021, no pet.), the appellate courts reviewed venue after a motion to transfer venue was denied and the entire record had conclusively established that the anchor defendants had no liability as a matter of law. *ACF Industries*, 903 S.W.2d at 423; *Norris*, 635 S.W.3d at 248-49. Neither of these cases involved a transfer of venue, and as such, the plaintiffs' chosen venues were never disturbed. Here, by contrast, the trial court transferred venue not because Appellees negated a pleaded venue fact, but because it considered unresolved affirmative defenses, thereby depriving Pimentel of his chosen venue and triggering the protective provisions of Tex. Civ. Prac. & Rem. Code § 15.064(a). *See* Tex. Civ. Prac. & Rem. Code § 15.064(a); Tex. R. Civ. P. 87(3); *Berton*, 563 S.W.2d at 812; *Howard*, 487 S.W.2d at 711.

When a plaintiff files suit in a county of proper venue, an erroneous transfer, even to another permissible county, divests the plaintiff of the statutory right to choose venue and will not be considered harmless. *Maranatha Temple,* 833 S.W.2d at 741; *Rosales*, 905 S.W.2d at 748. Because Maverick's Harris County principal office was undisputed, the trial court applied an

incorrect legal standard in making its venue determination. TEX. R. CIV. P. 87(3)(c) ("If a claimant has adequately pleaded and made prima facia proof that venue is proper in the county of suit ... then the cause shall not be transferred but shall be retained in the county of suit...."); TEX. CIV. PRAC. & REM. CODE § 15.064(b) ("On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error."); *Wilson*, 886 S.W.2d at 261 ("[I]f the plaintiff chooses a county of proper venue, and this is supported by proof as required by Rule 87, no other county can be a proper venue in that case.").

## CONCLUSION

Because venue was improper in Karnes County, the transferee court lacked authority to render dispositive rulings on the merits. *See* TEX. CIV. PRAC. & REM. CODE § 15.064(b). When an appellate court determines that venue was improper, it must reverse the venue ruling, vacate all orders entered by the transferee court, and remand the case to the court of proper venue. *See id*. We therefore reverse the judgment of the trial court and remand the case with instructions to the Karnes County District Clerk to transfer the cause back to Harris County for further proceedings.

H. Todd McCray, Justice